■   In the Matter of JOHN W and Others, Children Alleged to be Permanently Neglected. BERNHARDT S. KRAMER, as Commissioner of Ulster County Department of Social Services, Appellant; JOHN W et al., Respondents.—Appeal from an order of the Family Court of Ulster County, entered February 22, 1977, which denied appellant's application to have certain children declared permanently neglected and to permanently terminate parental rights. The Ulster County Department of Social Services herein seeks to have three children adjudicated permanently neglected and parental rights terminated. One of these children has been in foster care since October, 1973 except for a period of approximately one month in 1974. The remaining two children have remained continuously in foster care since August, 1974. The Family Court denied appellant's application and this appeal ensued. Subdivision 7 of section 384-b of the Social Services Law, which is applicable on this appeal (cf. *Matter of Orlando F.,* 40 NY2d 103), requires a finding of permanent neglect where the children are in the care of an authorized agency which has made diligent efforts to encourage and strengthen the parental relationship and notwithstanding the agency's efforts, the parent has failed for a period of more than one year following the placement of the children into the care of the agency to substantially and continuously maintain contact with or plan for the future of the children although physically and financially able to do so. There is no question on this appeal concerning the agency's diligent efforts nor of the parents maintaining contact with the children. The sole issue narrows to whether the parents have substantially and continuously or repeatedly failed to plan for the future of the children although physically and financially able to do so. While the parents did not actually develop a plan

of their own, the agency formulated and filed with the court, pursuant to court order, a plan of services which included: development of parental skills, family planning, psychiatric treatment, family counseling, employment development, and continued public assistance. Although the Family Court made several findings concerning the implementation of this plan by the parents, it was concluded by the court that since respondents were eligible for full public assistance they were financially unable to substantially plan for the future of the children. The court determined, however, that respondents' failure to plan for the future of the children had to be excused by their poverty. It is the opinion of this court that, absent evidence that a parent is receiving an inadequate amount of public assistance, the fact that a parent is receiving public assistance does not automatically excuse that parent from substantially planning for the future of a child. There was no proof in the present case that respondents were receiving inadequate public assistance. Consequently, if respondents failed to substantially plan for the future of the children, appellant's application was improperly denied. The Family Court found that respondents had made a good faith effort to co-operate with the agency in its plans for the children's future; that such co-operation, together with a move to more spacious living quarters and the father's improvement of his job skills, constituted planning by conduct; and that respondents acted to accomplish the agency's plan. In our view, these findings are sufficiently supported in the record. Considering the record as a whole, we are of the opinion that respondents have substantially planned for the future of the children (see *Matter of Orlando F.,* 40 NY2d 103, *supra).* The order denying appellant's application, therefore, should be affirmed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., and Mikoll, JJ., concur; Larkin, J., not taking part.