■ In the Matter of RAENA TT. and Others, Children Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MICHELLE UU., Respondent. [777 NYS2d 560]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered March 3, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected.

Respondent is the mother of Raena (born in 1990), Cassandra (born in 1992), Danielle (born in 1993) and Joshua (born in

1997). In May 1998, Family Court conducted a consolidated fact-finding hearing on a family offense proceeding brought by respondent against her husband for repeatedly assaulting her and a proceeding brought by petitioner alleging the children were neglected. The court found that family offenses had been committed against respondent and further found that the children had been neglected by reason of, among other things, excessive corporal punishment and exposure to repeated incidents of domestic violence. The children were removed from the home and placed in petitioner's custody. In October 2002, petitioner commenced this proceeding alleging permanent neglect and seeking to terminate respondent's parental rights. Family Court dismissed the petition following a fact-finding hearing. Petitioner appeals.

When seeking to terminate the parental rights of a parent whose child has been in foster care for more than one year, petitioner must establish by clear and convincing evidence, first, that it made diligent efforts to strengthen the parental relationship and, next, that the parent either (a) failed to maintain meaningful contact with the child or (b) failed to realistically plan for the future of the child (see Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; Matter of Karina U., 299 AD2d 772, 772-773 [2002], lv denied 100 NY2d 501 [2003]; Matter of Richard W., 265 AD2d 685, 686-687 [1999]; Matter of Joseph ZZ., 245 AD2d 881, 883 [1997], lv denied 91 NY2d 810 [1998]). It is uncontested that petitioner adequately established that it made diligent efforts to strengthen the parental relationship. Petitioner contends that Family Court incorrectly required it to prove both that respondent failed to maintain contact with her children and also that she failed to plan for their future. Although one sentence near the end of Family Court's decision could be construed as requiring petitioner to prove both lack of contact and lack of a plan, the correct standard is set forth earlier in the court's decision and, thereafter, the facts are discussed in light of such standard. Moreover, in a colloquy between the court and petitioner's counsel at the close of proof, the court clearly articulated the correct standard and inquired which of the two grounds (i.e., lack of contact or lack of a plan) petitioner believed had been proven. Review of the record and Family Court's decision reveals that the court applied the correct standard to the proof presented at the hearing.

Although petitioner does not assert that it proved that respondent failed to continue contact with her children, it does argue that the evidence at the hearing established that she

failed to plan for their future. Planning for the future of a child is statutorily defined to include, among other factors, taking "such steps as may be necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent" and the court may consider whether the parent utilized "medical, psychiatric, psychological and other social and rehabilitative services and material resources made available to such parent" (Social Services Law § 384-b [7] [c]). Following the incidents of domestic violence, respondent separated from and later divorced her husband. There was ample evidence presented, which Family Court found credible, that respondent attended counseling and parenting classes required by petitioner, independently sought psychiatric treatment, obtained a larger apartment to accommodate her children, worked two jobs and pursued further education. In light of such proof, we are unpersuaded that Family Court erred in finding that petitioner did not adequately prove that respondent had failed to substantially plan for the future of her children (*see* Social Services Law § 384-b [7] [c]; *Matter of John W.*, 63 AD2d 750, 751 [1978]).

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.