■ In the Matter of NICOLE H., a Child Alleged to be Permanently Neglected. SCHUYLER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PAUL H. et al., Respondents. [806 NYS2d 303]—

Mercure, J. Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered December 17, 2004, which dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' child to be permanently neglected.

Petitioner commenced this proceeding in May 2003, seeking to have respondents' child, Nicole (born in 2001), adjudicated permanently neglected and termination of respondents' parental rights. Following the filing of various prior petitions, the parties agreed to placement of the child in the care of her paternal

grandfather and step-grandmother, respondents' supervision by petitioner and regular visitation of the child by respondents. In the subject petition, it was alleged that respondents failed to make progress with a parent educator, had only minimal interaction with the child during visitation, failed to aid in the child's developmental therapy or demonstrate an ability to care for the child's basic needs, and maintained an unclean and unsafe home. After a fact-finding hearing, Family Court dismissed the petition, concluding that petitioner had not made the requisite diligent efforts to strengthen the parental relationship. Resolving the conflicting testimony of caseworkers, the court determined that respondents had made adequate progress in improving the condition of their home and developing their parenting skills despite their limited means and mental disabilities. Petitioner appeals and we now affirm.

It is well settled that, in a permanent neglect proceeding, the threshold inquiry is whether the petitioning agency has exercised diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Shiann RR.*, 285 AD2d 762, 762-763 [2001]). Diligent efforts on the part of the agency "must include counseling, making suitable arrangements for visitation, providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent[s] at appropriate intervals of the child's progress and development" (*Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *see Matter of Sheila G.*, 61 NY2d 368, 384-386 [1984]). Here, petitioner did not furnish respondents with an opportunity to parent the child outside the presence of other family members, despite obvious tension between the mother and those family members that undermined respondents' visits with the child. Thus, Family Court properly determined that petitioner's efforts to strengthen the parent-child relationship fell short of its statutory duty (*see Matter of Jamie M.*, 63 NY2d 388, 393-395 [1984]; *Matter of Shiann RR.*, *supra* at 763-765; *cf. Matter of Star Leslie W.*, *supra* at 142-144).

Moreover, even assuming that petitioner made diligent efforts to strengthen the parental relationship, it failed to establish by clear and convincing evidence that respondents either failed to maintain meaningful contact with the child or failed to realistically plan for the future of the child for a period of one year after the child came into the care of an authorized agency although physically and financially able to do so (*see* Social Services Law § 384-b [7] [a]). Indisputably, respondents visited the child at every available opportunity. In planning for the

future of the child, respondents had the duty to "take such steps as may be necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent" (Social Services Law § 384-b [7] [c]; *see Matter of Raena TT.*, 7 AD3d 936, 938 [2004]). The parent's utilization of "medical, psychiatric, psychological and other social and rehabilitative services and material resources made available to such parent" is relevant in determining whether this duty has been met (Social Services Law § 384-b [7] [c]; *see Matter of Raena TT., supra* at 938). Here, respondents conscientiously utilized the services provided by petitioner and, as Family Court noted, there was testimony from two of the caseworkers that respondents have made significant progress in their parenting skills, contrary to the allegations of the petition. In addition, despite their limited financial means, respondents have made substantial progress in remedying the unsafe and unsanitary conditions in their home that led to the child's initial removal. Given this evidence, we agree with Family Court that an adjudication of permanent neglect is not warranted here (*see Matter of Raena TT., supra* at 938).

Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.