In the Matter of TATIANNA K., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLAUDE U., Appellant, et al., Respondent. [912 NYS2d 166]—

Rose, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered August 24, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' child to be permanently neglected.

Respondents are the parents of Tatianna K. (born in 2006). After Family Court found that the parents had neglected the

child, they separated and, in August 2007, the child was placed in foster care. While respondent Jolene V. (hereinafter the mother) then had intermittent contact with the child and she eventually disengaged from all services, respondent Claude U. (hereinafter the father) began to stabilize his life and to address the problems that led to the removal of the child. In January 2009, however, petitioner commenced this proceeding against both parents seeking a determination of permanent neglect and termination of parental rights. Following a fact-finding hearing at which the mother did not appear, Family Court adjudicated the child to be permanently neglected by both parents. The father now appeals, contending that petitioner neither exercised diligent efforts to reunite him with the child nor proved by clear and convincing evidence that he failed to plan for the child's future.

An agency seeking to establish permanent neglect must prove that it made diligent efforts to strengthen the parent-child relationship and that, despite those efforts, the parent has failed to maintain contact with the child or, as is relevant here, substantially plan for the child's future for one year after the agency has been charged with the child's care (see Social Services Law § 384-b [7] [a]; Matter of Jasmine F. [Jeffrey G.], 74 AD3d 1396, 1398 [2010]). An agency engages in diligent efforts by creating a service plan that offers appropriate services to the parents to resolve the problems preventing return of the child, making suitable arrangements for visitation and advising the parent of the child's progress and development (see Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of James X., 37 AD3d 1003, 1005-1006 [2007]). Contrary to the father's contention, the record supports Family Court's finding that a service plan was in place, visitations with the child were facilitated by petitioner, appropriate services were offered to the father to address the problems that led to the child's removal and the plan was reviewed and updated in a sufficiently timely manner (see Matter of Laelani B., 59 AD3d 880, 881 [2009]; Matter of Alaina E., 59 AD3d 882, 884-885 [2009], lv denied 12 NY3d 710 [2009]; Matter of Andrew Z., 41 AD3d 912, 912 [2007]).

There is merit, however, in the father's contention that petitioner failed to establish that he did not substantially plan for the future of the child. A parent plans for the future by utilizing available medical, social and psychological services as needed and providing a stable and adequate home environment (see Matter of Gregory B., 74 NY2d 77, 87 [1989]; Matter of Star Leslie W., 63 NY2d at 142-143). To substantially plan, the par-

ent must take meaningful steps to correct the conditions that led to the child's removal (*see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Alaina E.*, 59 AD3d at 885). However, the standards to evaluate whether a parent has met the requirement to "substantially plan" should not be set "unrealistically high," lest the planning requirement "become simply a device *to permit termination in nearly all cases where the other statu*tory conditions are met" (*Matter of Orlando F.*, 40 NY2d 103, 111 [1976]).

Here, the evidence established that, as part of the plan formulated by petitioner to address the father's ability to parent Tatianna, the father needed to stabilize his housing situation, abstain from addictive substances and address his history of problems with anger management and domestic violence. Petitioner does not now dispute that soon after the father's separation from the mother and her chaotic lifestyle, he entered into a stable, committed relationship with a female companion and established suitable housing for the child. Nor does petitioner now dispute that the issue of substance abuse also was resolved by the father well within the one-year period following placement. The record confirms that he obtained a release from the Chemical Dependencies Clinic indicating that he had not used alcohol since January 2008 and did not need further treatment for substance abuse. Further, the foster care caseworker assigned to the case was aware of no incidents of domestic violence following the father's separation from the mother, and Family Court's decision did not mention stable housing, domestic violence or substance abuse as factors warranting a finding that the child was permanently neglected by the father.

Instead, Family Court focused on the father's failure to commence anger management counseling and parenting education classes until the fall of 2008, more than one year after the child's initial placement date. We note, however, that the Deputy Director of the Otsego County Mental Health Clinic and the senior caseworker providing parental education each testified that the father was fully engaged in their programs, undergoing cognitive behavioral therapy and making significant progress in addressing his issues. The parental educator testified that, as of the time of the filing of the petition, the father had completed almost 70% of the course, was actively involved, expressed an understanding of the lessons and was able to implement what he had learned in his relationship with the child. To the extent that the court disregarded these meaningful steps taken by the father after the expiration of the one-year period and character-

ized them as "belated," we note that Family Court is obliged to consider the conduct and commitment of the parent during the interim between the end of the one-year period and the commencement of this proceeding (*see Matter of Star Leslie W.,* 63 NY2d at 147). Based upon our review of the record of the father's accomplishments following his separation from the mother, including the uncontested bond he had formed with the child, we conclude that petitioner failed to establish, by clear and convincing evidence, that the father permanently neglected the child within the meaning of Social Services Law § 384-b (7) (a) (*see Matter of Sean F.,* 155 AD2d 775, 776-777 [1989]; *cf. Matter of Nicole H.,* 24 AD3d 1054, 1055-1056 [2005]; *Matter of Raena TT.,* 7 AD3d 936, 938 [2004]).

Cardona, P.J., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as granted the petition against respondent Claude U.; petition dismissed as to said respondent; and, as so modified, affirmed.