*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 10, 2014                    514797
_____

In the Matter of MARISSA O.,
    Alleged to be a Permanently
    Neglected Child.

SARATOGA COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

GRACE NN.,
                        Respondent.

ALEXANDRA G. VERRIGNI, as
    Attorney for the Children,
                        Appellant.

(Proceeding No. 1)
_____          MEMORANDUM AND ORDER

In the Matter of ERICA O.,
    Alleged to be a Permanently
    Neglected Child.

SARATOGA COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

GRACE NN.,
                        Respondent.

ALEXANDRA G. VERRIGNI, as
    Attorney for the Children,
                        Appellant.

(Proceeding No. 2)
_____

In the Matter of JOSHUA O.,
    Alleged to be a Permanently
    Neglected Child.

SARATOGA COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                    Respondent;

GRACE NN.,
                    Respondent.

ALEXANDRA G. VERRIGNI, as
    Attorney for the Children,
                    Appellant.

(Proceeding No. 3.)
_____

Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____

        Alexandra G. Verrigni, Rexford, attorney for the children,
appellant.

        Karen D'Andrea, Saratoga County Department of Social
Services, Ballston Spa, for Saratoga County Department of Social
Services, respondent.

        Justin C. Brusgul, Voorheesville, for Grace NN.,
respondent.

_____

Lynch, J.

Appeal from an order of the Family Court of Saratoga County (Cortese, J.), entered September 12, 2011, which dismissed petitioner's applications, in three proceedings pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected.

Respondent is the mother of nine children. In October 2006, Schenectady County Family Court (Powers, J.) determined that respondent neglected five of her children, based in part on its finding that she failed to protect two of her daughters from sexual abuse by their older male sibling. The case was transferred to Saratoga County and, in November 2006, Family Court (Abramson, J.) issued an order placing respondent under petitioner's supervision and an order of protection that, among other things, directed respondent to prevent the abusive sibling from having any contact with five of respondent's minor children. In March 2008, after it was determined that two of the minor children were again abused by their older sibling while in respondent's care, she consented to an order placing four of the children in foster care.

In June 2010, petitioner commenced these proceedings to terminate respondent's parental rights to three of her children. Following a lengthy hearing, Family Court issued a comprehensive written decision wherein it determined that petitioner did not prove that respondent failed to plan for the future of the subject children. The attorney for the children now appeals.

As relevant here, "[a]n agency seeking to establish permanent neglect must prove that it made diligent efforts to strengthen the parent-child relationship and that, despite those efforts, the parent has failed to . . . substantially plan for the child[ren's] future [for the requisite time period]" (Matter of Tatianna K. [Claude U.], 79 AD3d 1184, 1185 [2010]; see Social Services Law § 384-b [7] [a]). To "substantially plan," a parent must take "meaningful steps" towards correcting the problems that led to the child's placement in foster care (Matter of Neal TT. [Deborah UU.], 97 AD3d 869, 871 [2012] [internal quotation marks and citations omitted]; accord Matter of Tatianna K. [Claude U.],

79 AD3d at 1185-1186).  A parent may demonstrate such planning by "'utilizing available medical, social and psychological services as needed and providing a stable and adequate home environment'" (Matter of Cory N. [Jessica O.], 111 AD3d 1079, 1081 [2013], quoting Matter of Tatianna K. [Claude U.], 79 AD3d at 1185).  It is the petitioner's burden to establish a parent's failure to plan by "clear and convincing evidence" (Matter of Victor WW. [Salma XX.], 96 AD3d 1281, 1282 [2012]) and "the adequacy of the [parent's] plan must not be evaluated with reference to unrealistically high standards" (Matter of Leon RR., 48 NY2d 117, 125 [1979]; see Matter of Tatianna K. [Claude U.], 79 AD3d at 1186).  Family Court found that petitioner did not prove "by clear and convincing evidence" that respondent failed to plan for her children's future.  "This Court accords great deference to such determinations . . . and [we] will disturb its factual findings only if they lack a sound and substantial basis in the record" (Matter of Victor WW. [Salma XX.], 96 AD3d at 1282 [internal quotation marks and citations omitted]).

The record on appeal reflects that when respondent's children were placed in foster care, petitioner directed her to continue and complete recommended counseling and treatment, including sexual victimization and domestic violence treatment. She was also directed to participate in psychological, cognitive and behavioral evaluations, to attend anger management and parenting classes, and to cooperate with all recommended referrals.  The attorney for the children contends that Family Court's determination was flawed because it did not consider respondent's inability to benefit from the services provided or her failure to acknowledge that her children had been abused.  We disagree.

While it must be recognized that respondent initially had some difficulty with adjusting to petitioner's supervision, Family Court noted that she attended all of the visits with her children, all of the permanency planning meetings, and participated in all recommended counseling and treatment.  The court also noted that, during the two-year period prior to the fact-finding hearing, respondent had remained employed at the same job and found an apartment without petitioner's assistance. Importantly, both respondent's and the children's treatment

providers testified that respondent, over time, was able to acknowledge the role she played in allowing her children to be abused.

While respondent may be an imperfect parent who lacks advantages and is burdened by her limited means, in our view, the record reveals that she used available resources to take "meaningful steps to correct the conditions that led to the [children's] removal" (Matter of Tatianna K. [Claude U], 79 AD3d at 1186).  Accordingly, giving deference to Family Court's credibility determinations (see Matter of Summer G. [Amy F.], 93 AD3d 959, 961 [2012]), we find that there was a sound and substantial basis for its finding that petitioner failed to submit clear and convincing evidence that respondent did not substantially plan for her children's future (see Matter of Victor WW. [Salma XX.], 96 AD3d at 1284).

The attorney for the children also contends that Family Court improperly relied on a court-ordered evaluation that was completed in order to assess whether respondent was unable to care for her children "by reason of mental illness or mental retardation" (Social Services Law § 384-b [4] [c]; see Social Services Law § 384-b [6] [e]).  Contrary to the attorney for the children's restrictive reading, however, the appointment order specified that Jacqueline Bashkoff, a psychologist, should conduct a mental health evaluation and "any further evaluations [she] deemed necessary."  As such, Bashkoff was authorized to address whether respondent's ability to care for her children was impaired (compare Matter of Anthony WW. [Michael WW.], 86 AD3d 654, 657 n 5 [2011], lv denied 17 NY3d 897 [2011]).  Moreover, although petitioner had alternatively alleged that respondent was unable to care for her children by reason of mental illness or mental retardation (see Social Services Law § 384-b [4] [c]), petitioner withdrew this claim and Family Court expressly stated that Bashkoff's opinion, while pertinent to respondent's cognitive abilities, was not "useful . . . with regard to the issues of permanent neglect."  The claims made on behalf of the attorney for the children are thus without merit.

Lahtinen, J.P., McCarthy, Garry and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.




                  ENTER:

                  Robert D. Mayberger
                  Clerk of the Court