*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 9, 2015                519951
_____

In the Matter of MARCUS BB.,
    Alleged to be a Permanently
    Neglected Child.

ULSTER COUNTY DEPARTMENT OF                MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                    Respondent;

DONNA AA.,
                    Appellant.
_____

Calendar Date:   May 26, 2015

Before:   Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____

        Theodore J. Stein, Woodstock, for appellant.

        Philip M. Cataldi, Ulster County Department of Social
Services, Kingston, for respondent.

        Daniel Gartenstein, Kingston, attorney for the child.

_____

Clark, J.

        Appeals from two orders of the Family Court of Ulster
County (McGinty, J.), entered January 29, 2014 and March 13,
2014, which, among other things, granted petitioner's
application, in a proceeding pursuant to Social Services Law
§ 384-b, to adjudicate respondent's child to be permanently
neglected, and terminated respondent's parental rights.

        As set forth more fully in our prior decision (Matter of
Marcus BB. [Donna AA.], ___ AD3d ___, 2015 NY Slip Op 04690

[2015]), respondent is the mother of a son (born in 2007) who was removed from her care in June 2011 and adjudicated a neglected child on account of, among other things, respondent's drug use. In August 2012, the child was returned to respondent on a trial discharge subject to petitioner's supervision. During an unannounced visit nearly two months later, the child's father was found in respondent's home in violation of a prior court order requiring that he stay away from the child except during scheduled supervised visitation.[1] Also present at respondent's apartment was respondent's adult daughter, as well as the daughter's boyfriend. The child was immediately removed from respondent's home and returned to foster care.

In April 2013, alleging that respondent had failed to substantially plan for the future of the child, petitioner commenced this proceeding, seeking a finding that respondent permanently neglected the child and the termination of respondent's parental rights. After a hearing at which respondent did not testify, Family Court granted the petition and, following the dispositional hearing, concluded that termination of respondent's parental rights was in the child's best interests. Family Court also issued an order of protection prohibiting respondent from contacting the child until his eighteenth birthday. Respondent now appeals from both orders.

Social Services Law § 384-b (7) (a) defines a permanently neglected child as a child who is in the care of an authorized agency and whose parent has failed for a period of more than one year following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (see Matter of Star Leslie W., 63 NY2d 136, 140 [1984]). Respondent and the attorney for the child both contend that a lack of diligent efforts may be

---

[1] The father, likewise, had been found to have neglected the child because of drug use, and his contact with the child was restricted to supervised visits at the time.

found to the limited extent that petitioner did not offer any services aimed at preparing respondent for the issues she may encounter during the period of trial discharge. Contrary to this position, however, the record before us demonstrates that respondent received regular counseling and guidance in order to strengthen her parenting skills and cope with her addiction and mental health issues – skills that would likely apply during the period of trial discharge. Thus, we find Family Court's threshold determination of diligent efforts to be supported by the record and turn to the second of the two-part inquiry, namely, whether respondent substantially planned for the child's future (see Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [2010], lv denied 14 NY3d 713 [2010]; Matter of Laelani B., 59 AD3d 880, 881-882 [2009]).

To substantially plan, a parent must, at a minimum, take meaningful steps to correct the conditions that led to the child's initial removal from the home (see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]; Matter of Alaina E., 59 AD3d 882, 885 [2009], lv denied 12 NY3d 710 [2009]). "However, the standards to evaluate whether a parent has met the requirement to substantially plan should not be set unrealistically high, lest the planning requirement become simply a device to permit termination in nearly all cases where the other statutory conditions are met" (Matter of Tatianna K. [Claude U.], 79 AD3d 1184, 1186 [2010] [internal quotation marks and citation omitted]; see Matter of Orlando F., 40 NY2d 103, 111 [1976]).

Here, petitioner's only witness, the caseworker assigned to the child in August 2011, testified at the fact-finding hearing that respondent continually maintained meaningful contact with the child and, as of August 2012, had addressed all the issues that had resulted in the child's removal. Specifically, respondent had been successfully discharged from an inpatient drug rehabilitation program, had completed outpatient substance abuse services, had maintained her sobriety, had successfully completed a course of mental health counseling, was in compliance with the terms of her probation, had obtained appropriate housing, and had completed a parenting skills program, among other positive things. As a result, the child was returned to her on a trial discharge. Once it was discovered that respondent

was permitting the child to have contact with his father outside the supervision of petitioner, the child was again removed from respondent's home. Additional evidence demonstrated that, after the second removal, respondent again maintained continuous and meaningful contact with the child, complied in all respects with the order of supervision and, per the caseworker, continued to plan for the return of her child. In this regard, the April 2013 permanency plan admitted into evidence indicated that respondent was working to address the issues that led to the child's most recent removal. Notably, the caseworker explained that, even as of the date of commencement of this permanent neglect proceeding, plans were underway to return the child to respondent.[2]

Given respondent's consistent and meaningful contact with the child and successful completion of all the recommended services so as to address the problems that led to the child's removal, the record as a whole does not contain clear and convincing evidence that respondent permanently neglected her child.[3] To find otherwise would be to hold respondent to an unreasonable standard and ignore well-settled precedent requiring only evidence of meaningful steps toward amelioration of the original condition, not proof of perfect compliance with petitioner's mandates. Make no mistake, we do not disagree that respondent demonstrated a lapse in judgment by permitting the father to have contact with the child in violation of a court order; however, without more, we find such conduct insufficient to form a sound and substantial basis for a finding of permanent

---

[2] In fact, "return to parent" continued to be the recognized permanency goal five months later at the start of the fact-finding hearing.

[3] We are aware that respondent experienced a relapse in June 2013, but note that proof of "[t]estimony relating to matters occurring subsequent to the filing of a petition for permanent neglect is inadmissible during the fact-finding stage of the proceeding" (Matter of Anthony S., 291 AD2d 747, 748 [2002] [internal quotation marks and citations omitted]; see Family Ct Act § 624; Matter of Christopher II., 222 AD2d 900, 902 [1995], lv denied 87 NY2d 812 [1996]).

neglect. The record before us contains no proof of the circumstances of the father's contact with the child – e.g., whether he was under the influence of drugs or alcohol when he was with the child or whether he was engaging in drug use in the presence of the child – and, as such, we think petitioner did not meet its burden of proof. Accordingly, the petition must be dismissed (see Matter of Marissa O. [Grace NN.], 119 AD3d 1097, 1097-1099 [2014]; Matter of Victor WW. [Salma XX.], 96 AD3d 1281, 1282 [2012]; Matter of Tatianna K. [Claude U.], 79 AD3d at 1185-1187).

Were we to continue our inquiry, we would also find error in Family Court's determination to terminate respondent's parental rights. Keeping in mind that the purpose of a disposition of termination is to free a child for adoption, we note that the plan for the child here – a plan that was the subject of frank discussion at the dispositional hearing – was for him to be returned to the care and custody of his father.[4] In this regard, even petitioner acknowledged during disposition that termination of respondent's parental rights was impractical as there was no need to free the child for adoption. Moreover, the position expressed at the dispositional hearing – i.e., that a suspended judgment was not a viable disposition because respondent had been recommended to a two-year drug treatment program and, therefore, would be incapable of complying with the terms and conditions of a suspended judgment – is legally incorrect (see Family Ct Act § 633 [b]; Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Jonathan J., 47 AD3d 992, 993 [2008], lv denied 10 NY3d 706 [2008]). Thus, we would have found termination of respondent's parental rights to be against the best interests of the child.

---

[4] We are troubled by the fact that Family Court was willing to terminate respondent's parental rights, in part, due to her allowing contact between the child and his father when the plan was to restore custody to the father. It is of further concern that the record before us appears devoid of consideration of Family Ct Act article 6, as sole custody of the child by the father may be achieved without a termination of respondent's parental rights.

Finally, although rendered moot by the foregoing, respondent has already appealed from the order of protection (see Matter of Marcus BB. [Donna AA.], 2015 NY Slip Op 04690, at *1). In this regard, we briefly note that duplicate appeals from the same order or judgment are not permitted and are subject to dismissal (see generally Parker v Linden, 20 NE 861 [1889]; Hunt v New York City Hous. Auth., 272 AD2d 69 [2000]).

Lahtinen, J.P., McCarthy and Rose, JJ., concur.

ORDERED that the order entered March 13, 2014 is reversed, on the law, without costs, and petition dismissed.

ORDERED that the appeal from the order entered January 29, 2014 is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court