██ KIMBERLY HURRELL-HARRING et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v STATE OF NEW YORK et al., Respondents, et al., Defendants. [990 NYS2d 286]—

Peters, P.J. Appeals (1) from an order of the Supreme Court (Devine, J.), entered November 12, 2013 in Albany County, which, among other things, granted certain defendants' motion to preclude plaintiffs' experts from testifying at trial, and (2) from that part of an order of said court, entered December 19, 2013 in Albany County, which partially denied plaintiffs' motion for reconsideration.

This appeal is the latest chapter in a class action lawsuit seeking a declaration that indigent criminal defendants in the five defendant counties are being actually or constructively denied the right to counsel as a result of systemic failures in defendant State of New York's public defense system (112 AD3d 1217 [2013]; 112 AD3d 1213 [2013]; 81 AD3d 69 [2011]; 75 AD3d 667 [2010]; 66 AD3d 84 [2009], mod 15 NY3d 8 [2010]). In response to a demand for expert disclosure, plaintiffs advised defendants that they intended to call Robert Boruchowitz, Norman Lefstein and Robert Spangenberg (hereinafter the experts) as expert witnesses to testify as to the prevailing professional standards governing the provision of legal representation to indigent criminal defendants and whether the structure and operation of the public defense systems in the five counties meets those standards.[1] Supreme Court granted the motion by defendant Governor Andrew Cuomo and the State (hereinafter collectively referred to as defendants) to preclude such testimony, concluding that the information to be imparted by the experts was not outside the ordinary experience and knowledge

---

1. Plaintiffs also disclosed that they intended to call Gary King as an expert statistician to testify about the statistical analyses of data he conducted related to the provision of public defense services in the defendant counties. Supreme Court initially precluded King's expert testimony, but, upon plaintiff's motion for reconsideration, the court permitted it.

of a Supreme Court Justice, as the trier of fact. Upon reconsideration, Supreme Court adhered to its determination concerning the experts. Plaintiffs appeal from both orders.

While the admissibility of expert testimony is a matter left primarily to the discretion of the trial court (*see People v Williams*, 20 NY3d 579, 584 [2013]; *De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *Brown v Reinauer Transp. Cos., LLC*, 67 AD3d 106, 114 [2009], *lv dismissed and denied* 14 NY3d 823 [2010], *cert denied* 564 US —, 131 S Ct 3088 [2011]), we conclude that, here, Supreme Court should not have precluded the testimony of the experts. "Under familiar rules, expert opinions are admissible on subjects involving professional or scientific knowledge or skill not within the range of ordinary training or intelligence" of the trier of fact (*Matter of Nicole V.*, 71 NY2d 112, 120 [1987] [citations omitted]; *see People v Rivers*, 18 NY3d 222, 228 [2011]; *De Long v County of Erie*, 60 NY2d at 307; *Hudson v Lansingburgh Cent. School Dist.*, 27 AD3d 1027, 1028 [2006]). "[T]his principle applies to testimony regarding both 'the ultimate questions and those of lesser significance'" (*People v Rivers*, 18 NY3d at 228, quoting *People v Cronin*, 60 NY2d 430, 432-433 [1983]; *see Dufel v Green*, 84 NY2d 795, 798-799 [1995]). Notably, expert testimony is "appropriate to clarify a wide range of issues calling for the application of accepted professional standards" (*Selkowitz v County of Nassau*, 45 NY2d 97, 102 [1978]).

Here, the experts possess the requisite skill, training, education, knowledge and/or experience to qualify as experts on the operation of indigent defense systems and the evaluation of such systems in light of prevailing professional standards (*see Matott v Ward*, 48 NY2d 455, 459 [1979]; *Pember v Carlson*, 45 AD3d 1092, 1094 [2007]). Despite their qualifications, Supreme Court concluded that the experts' testimony was both "unnecessary and improper" in this action because the average Supreme Court Justice possesses the requisite knowledge and/or experience to comprehend the evidence and decide the issues presented. If this case were simply about individualized claims of denial of counsel at a critical stage of a criminal proceeding, we might agree. However, it is not.

At its core, this litigation is about system-wide conditions relating to and affecting the delivery of public defense—such as caseloads, funding and oversight, among others—and whether these conditions in the defendant counties are such that "the basic constitutional mandate for the provision of counsel to indigent defendants at all critical stages is at risk of being left unmet" (*Hurrell-Harring v State of New York*, 15 NY3d 8, 25

[2010]). By virtue of their extensive experience, the experts possess specialized knowledge with respect to the operation of public defense systems, the professional standards applicable to such systems, and the impact of systemic shortcomings on the provision of counsel to indigent criminal defendants at all critical stages. Such particularized knowledge is, manifestly, beyond that of a typical Supreme Court Justice, whose experience is oft confined to case-by-case determinations (cf. *Selkowitz v County of Nassau*, 45 NY2d at 102-103).[2] We therefore conclude that Supreme Court improvidently exercised its discretion in precluding the experts' testimony. Accordingly, that part of its November 12, 2013 order must be reversed. In light of our determination, plaintiffs' challenge to the partial denial of their motion for renewal has been rendered academic.

Stein, Rose, Egan Jr. and Clark, JJ., concur. Ordered that the order entered November 12, 2013 is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to preclude Robert Boruchowitz, Norman Lefstein and Robert Spangenberg from providing expert testimony at trial; motion denied to that extent; and, as so modified, affirmed. Ordered that the order entered December 19, 2013 is dismissed, as academic, without costs.

---

2. We note that expert testimony of this nature has been routinely admitted in similar systemic cases challenging the provision of counsel to indigent criminal defendants (*see e.g. New York County Lawyers' Assn. v State of New York*, 196 Misc 2d 761, 776, 785-788 [2003]; *Wilbur v City of Mount Vernon*, 2013 WL 6275319, *3, 2013 US Dist LEXIS 171187, *10 [WD Wash, Dec. 4 2013, No. C11-1100RSL]; *United States ex rel. Green v Washington*, 917 F Supp 1238, 1250 [ND Ill 1996]; *Public Defender, Eleventh Jud. Cir. of Fla. v State*, 115 So 3d 261, 275 [Fla 2013]). The same is true for various other forms of systemic reform litigation (*see e.g. Campaign for Fiscal Equity v State of New York*, 100 NY2d 893 [2003] [permitting expert testimony from a variety of education experts in assessing whether the state's education system met minimum constitutional guarantees]; *Brown v Plata*, 563 US —, —, 131 S Ct 1910, 1933-1935 [2011]; *Nicholson v Williams*, 203 F Supp 2d 153, 207-221 [2002]; *Thomas S. by Brooks v Flaherty*, 699 F Supp 1178, 1187-1192 [1988], *affd* 902 F2d 250 [4th Cir 1990], *cert denied* 498 US 951 [1990]).