### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 11, 2014               517655
_____

In the Matter of ANGELO AA.
    and Another, Alleged to be
    Permanently Neglected
    Children.

TOMPKINS COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                         MEMORANDUM AND ORDER
                    Respondent;

TASHINA DD.,
                    Appellant.
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Pamela B. Bleiwas, Ithaca, for appellant.

        Keith Cassidy, Tompkins County Department of Social
Services, Ithaca, for respondent.

        Robin A. Masson, Ithaca, attorney for the children.

_____


McCarthy, J.

        Appeal from an order of the Family Court of Tompkins County
(Rowley, J.), entered August 1, 2013, which granted petitioner's
application, in a proceeding pursuant to Social Services Law §
384-b, to adjudicate the subject children to be permanently
neglected children, and terminated respondent's parental rights.

        Respondent is the mother of Angelo AA. (born in 2010) and
Ryan CC. (born in 2007).  Petitioner commenced a neglect

proceeding against respondent, which resulted in the removal of the children from her care. She consented to a finding of neglect. More than a year later, petitioner commenced this permanent neglect proceeding seeking to terminate respondent's parental rights. After a fact-finding hearing, Family Court adjudicated the children to be permanently neglected by respondent. Following a dispositional hearing, the court terminated respondent's parental rights and freed the children for adoption. Respondent appeals.

Family Court properly found that petitioner made diligent efforts to encourage and strengthen the parent-child relationship. As a threshold matter on this petition to terminate parental rights on the ground of permanent neglect, petitioner was required to prove by clear and convincing evidence that it made diligent efforts to strengthen the parent-child relationship and encourage family reunification (see Social Services Law § 384-b [7] [a]; Family Ct Act § 614 [1] [c]). Diligent efforts include, among other things, making arrangements for visitation with the children, keeping the parent apprised of the children's development, and providing a range of services to address the problems that led to the children's removal or are preventing the children's discharge from care (see Social Services Law § 384-b [7] [f]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]). An agency need only make reasonable efforts, and it will be deemed to have fulfilled its obligation if appropriate services are offered but the parent refuses to engage in them or does not progress (see Matter of Sheila G., 61 NY2d 368, 385 [1984]; Matter of James X., 37 AD3d 1003, 1006 [2007]).

Here, petitioner created a service plan that identified three main issues preventing reunification: respondent's aggressive behavior toward the children and poor parenting skills, her drug dependency, and her propensity for involving herself in relationships that include domestic violence. Petitioner arranged regular supervised visitation that progressed to include some portions of each visit being unsupervised. Petitioner referred respondent to parenting and anger management classes. Although respondent completed those classes, she later yelled at her child during a supervised visit and engaged in some

anger-related behavior toward adults that required police involvement. Petitioner referred respondent to the Advocacy Center, where she enrolled in and completed a domestic violence awareness class and participated in a women's empowerment group. Despite these services, respondent continued to involve herself with men who had a history of domestic abuse toward her and other women. The service plan stated that respondent was to continue her mental health counseling, indicating that a referral was not necessary because respondent was already engaged in such counseling.

Respondent enrolled in the Family Treatment Court program to address her substance abuse dependency. After respondent tested positive for marihuana multiple times, petitioner referred her to an inpatient drug treatment program. Respondent denied having a problem and left the program early, against medical advice. She tested positive again, enrolled in and completed a different inpatient drug treatment program, then entered outpatient treatment. At the outpatient treatment facility, she was enrolled in a program that deals with both substance abuse and past emotional trauma. The licensed clinical social worker who ran a group program at the facility and conducted one-on-one counseling with respondent testified that respondent often failed to actively participate in group sessions and was eventually dropped from the program due to poor attendance at group and individual sessions. Respondent had stated to the social worker that she no longer wanted those services. Respondent did immediately enroll in another outpatient drug program, but had not completed it by the time the petition was filed. Respondent was removed from the Family Treatment Court program for failing to progress within the time parameters. Contrary to the service plan, respondent did not continue her mental health counseling after she finished inpatient drug treatment (compare Matter of Jyashia RR. [John VV.], 92 AD3d 982, 983 [2012]).

Respondent argues that petitioner should have referred her to services designed to address her past sexual abuse. Family Court credited the social worker's testimony that the outpatient drug treatment program was designed for people with dual diagnoses of substance abuse and emotional trauma, the program addresses both components and teaches coping mechanisms, and

respondent first needed to get stabilized before they could delve deeply into the sexual abuse trauma so as to avoid a drug relapse.  Respondent also argues that petitioner failed to make diligent efforts because it did not refer her for a psychological evaluation with IQ testing as initially set forth in her service plan, and it took many months to obtain a psychosocial evaluation.  Petitioner's caseworker explained that she determined that IQ testing was not necessary because respondent seemed to understand what she was told, even if she did not agree with it or follow through.  As for the evaluations, similar information was obtained from the records of a psychiatrist at one of the inpatient programs.  Additionally, the social worker testified that, after a preliminary mental health evaluation, the mental health organization relayed that it had no other programs that would be necessary or better than the dual diagnosis program in which respondent was engaged at the outpatient drug treatment facility.

Respondent did successfully complete some classes and improved her parenting skills, but she continued to be involved with men who committed acts of domestic violence, she used marihuana, she did not continue in mental health counseling and she did not complete substance abuse treatment.  Thus, Family Court properly found that petitioner made diligent efforts and, despite those efforts, respondent permanently neglected her children (see Matter of Chorus SS. [Elatisha SS.], 93 AD3d 1097, 1098 [2012], lv denied 19 NY3d 807 [2012]).

Family Court did not deny respondent due process by precluding her expert witness.  The admissibility of expert testimony is generally left to the trial court's discretion (see People v Williams, 20 NY3d 579, 584 [2013]; Hurrell-Harring v State of New York, 119 AD3d 1052, 1053 [2014]).  While the offer of proof stated that the expert would testify about a more current method of dual diagnosis treatment, this information was not relevant to the diligent efforts issue; the question was whether petitioner offered or referred respondent to appropriate services, not whether some better service might have been available (see Matter of Michael Anthony Vincent J., 253 AD2d 619, 621-622 [1998], lv dismissed 92 NY2d 1026 [1998]).  Accordingly, the court did not abuse its discretion in precluding

the expert's testimony.

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court