## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 8, 2015                516128
_____

In the Matter of NEVEAH AA.,
    Alleged to be a Neglected
    Child.

COLUMBIA COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

ALIA CC.,
                        Appellant.

(Proceeding No. 1.)
_____        MEMORANDUM AND ORDER

In the Matter of NEVEAH AA.,
    Alleged to be a Neglected
    Child.

COLUMBIA COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

DONALD AA.,
                        Appellant.

(Proceeding No. 2.)
_____


Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

                    _____


        Alexander W. Bloomstein, Hillsdale, for Alia CC.,
appellant.

        Robert Linville, Public Defender, Hudson (Jessica D. Howser
of counsel), for Donald AA., appellant.

Jessica Keenanler, Columbia County Department of Social Services, Hudson (N. Daniel Reeder of William J. Better, PC, Kinderhook, of counsel), for respondent.

Ira Halfond, Craryville, attorney for the child.

_____

Lahtinen, J.P.

Appeals from three orders of the Family Court of Columbia County (Koweek, J.), entered December 21, 2012 and April 12, 2013, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate Neveah AA. to be a neglected child.

Respondent Alia CC. (hereinafter the mother) and respondent Donald AA. (hereinafter the father) are the biological parents of Neveah AA. (born in 2012). Respondents each had children with other partners and those children had been previously found to be neglected. At the time of the subject child's birth, respondents consented to her temporary placement with petitioner. Shortly thereafter, petitioner commenced these proceedings alleging derivative neglect of the child. Following a consolidated hearing, Family Court rendered a detailed written decision and order in December 2012 finding that petitioner had established derivative neglect by each respondent. In April 2013, orders of fact-finding and disposition were entered. Respondents now appeal.

The attorney for the child argues that these appeals are moot because, during the time the appeals were pending, respondents executed judicial surrenders of their parental rights and the child has been adopted. However, "the finding of neglect creates a permanent and significant stigma that may adversely affect the mother [and the father] in future proceedings" (Matter of Armani KK. [Deborah KK.], 81 AD3d 1001, 1002 [2011], lv denied 16 NY3d 711 [2011] [internal quotation marks and citations omitted]; see Matter of Bayley W. [Jaden W.], 100 AD3d 1203, 1203-1204 [2012]). Accordingly, these appeals are not moot.

"Derivative neglect is established where the evidence demonstrates an impairment of parental judgment to the point that it creates a substantial risk of harm for any child left in that parent's care, and the prior neglect determination is sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist" (Matter of Tradale CC., 52 AD3d 900, 901 [2008] [citation omitted]; see Matter of Xiomara D. [Madelyn D.], 96 AD3d 1239, 1240 [2012]). The mother's prior severe neglect in 2008 involved, among other things, repeatedly refusing to seek necessary medical treatment for a child and banging that child against a wall. The father's neglect upon consent in 2009 arose from, among other things, domestic violence perpetrated upon his paramour in a child's presence and not properly feeding or caring for that child. Petitioner's extensive proof in the current proceedings revealed that the father dropped out of anger management programs twice, failed to complete batterer's accountability classes and had been diagnosed with intermittent explosive disorder. The mother failed to complete services provided for her regarding her other children, including a parent mentoring program and an anger management program, and she suffers from various mental illnesses for which mental health counseling had been recommended. Both the father and the mother missed without excuse numerous scheduled visitations with the child and, when they happened to both attend, they often argued to such an extent that the person monitoring visitation had to intervene.

Although there was conflicting proof, we accord deference to Family Court's credibility determinations (see e.g. Matter of Jewle I., 44 AD3d 1105, 1107 [2007]). Accepting those determinations, the record fully supports Family Court's findings that respondents failed to cure or adequately address, despite the availability of services, the earlier identified deficiencies in their parenting skills that created a substantial risk of harm to Neveah (see Matter of Ilonni I. [Benjamin K.], 119 AD3d 997, 998 [2014]); Matter of Viveca AA., 51 AD3d 1072, 1073 [2008]). The significant deficiencies in parental skills that resulted in the previous findings of neglect were "sufficiently proximate in time to reasonably conclude that the problematic conditions continue[d] to exist" (Matter of Sumaria D. [Madelyn D.], 121 AD3d 1203, 1204 [2014] [internal quotation marks and citation

omitted]).  There is a sound and substantial basis in the record for Family Court's findings of neglect.

The remaining issues have been considered and are without merit.

McCarthy, Egan Jr. and Devine, JJ., concur.

ORDERED that the orders are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court