*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                518628
_____

In the Matter of JAYDEN XX.,
    Alleged to be a Permanently
    Neglected Child.

CORTLAND COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

JOHN XX.,
                    Appellant.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of JUSTICE XX.,
    Alleged to be a Permanently
    Neglected Child.

CORTLAND COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

JOHN XX.,
                    Appellant.

(Proceeding No. 2.)
_____


Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.


                    _____


        Abbie Goldbas, Utica, for appellant.

        Kathleen A. Sullivan, Cortland County Department of Social
Services, Cortland, for respondent.

Donna C. Chin, Ithaca, attorney for the children.

_____

Clark, J.

Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered March 7, 2014, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the father of the two children (born in 2011 and 2012) who are the subject of these proceedings. Just prior to the younger child's birth, a neglect petition was filed against respondent, citing domestic violence and drug use. On the day of the younger child's birth, the child tested positive for cannabis and opiates and both children were placed in petitioner's care and custody. Respondent, who was incarcerated at the time, later stipulated to a finding of neglect of both children and consented to an order continuing custody of the children with petitioner and requiring him to, among other things, participate in any programs offered in prison related to addiction treatment, domestic violence, job skills and parenting. In July 2013, petitioner commenced these permanent neglect proceedings. Following a fact-finding hearing, Family Court adjudicated the children to be permanently neglected and, following a dispositional hearing, terminated respondent's parental rights.[1] Respondent now appeals.

Inasmuch as Family Court's determination that respondent permanently neglected the children is supported by clear and convincing evidence, we affirm (see Social Services Law § 384-b [7] [a]). Contrary to respondent's contention, the record demonstrates that petitioner made the requisite diligent efforts to encourage and strengthen the parental relationship.

_____

[1] The children's mother voluntarily surrendered her parental rights.

Specifically, petitioner kept respondent – who has been incarcerated for the vast majority of the children's lives – informed as to the children's progress and well-being, arranged regular visitation, provided him with photographs and inquired as to his participation in court-ordered programs related to substance abuse, domestic violence, job skills and parenting (see Matter of Britiny U. [Tara S.], 124 AD3d 964, 966 [2015]; Matter of Joannis P. [Joseph Q.], 110 AD3d 1188, 1190 [2013], lv denied 22 NY3d 857 [2013]; Matter of Johanna M. [John L.], 103 AD3d 949, 950 [2013], lv denied 21 NY3d 855 [2013]). Although respondent argues that he should have been afforded visitation with the children during his court appearances as well, there is no indication in the record that he requested such visitation. Thus, petitioner satisfied its obligation to provide diligent efforts. Despite those efforts, respondent nonetheless failed to develop a realistic plan for the children's future. He has failed to complete the necessary programs, he has no plan for obtaining employment or suitable housing upon his release from prison and his suggested placement resource refused to care for the children. Accordingly, we agree with Family Court's conclusion that the children were permanently neglected (see Matter of Johanna M. [John L.], 103 AD3d at 950-951; Matter of Hailey ZZ. [Ricky ZZ.], 85 AD3d 1265, 1266 [2011]).

Family Court did not err in terminating respondent's parental rights to free the children for adoption. Respondent has been incarcerated throughout most of the children's lives and was awaiting the imposition of yet another prison sentence at the time of the dispositional hearing. Moreover, he has been unwilling to complete the necessary programs to address his substance abuse problems and has no viable plan for caring for the children in the future. Although respondent argues that it is unclear from the record whether the children's current foster parents intend to adopt them, the lack of such an intention is not determinative (see e.g. Matter of Raine QQ., 51 AD3d 1106, 1106 [2008], lv denied 10 NY3d 717 [2008]). Under these circumstances, we conclude that Family Court properly found that it was in the children's best interests to terminate respondent's parental rights and free them for adoption (see Matter of Britiny U. [Tara S.], 124 AD3d 964 at 967).

Peters, P.J., McCarthy and Rose, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court