■ In the Matter of EVERETT H., a Child Alleged to be Permanently Neglected. FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE H., Appellant. [10 NYS3d 676]—

Lynch, J. Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered November 12, 2013, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and suspended judgment for a period of one year.

Respondent is the mother of a child born in 2004. In September 2010, petitioner filed a neglect petition against re-

spondent, alleging, among other things, that she was not able to provide a stable home environment or to address the child's mental health needs. The petition also alleged that respondent threatened to harm herself or the child if the child was not removed from her care. The child was temporarily removed pursuant to a September 2010 Family Court order and has remained in petitioner's custody since that time. Pursuant to a June 2011 order, the child was deemed to be neglected and Family Court imposed certain conditions for respondent to follow during the pendency of the child's placement, including directives that she attend supervised visitation and mental health counseling with the child and parenting skills classes, and that she follow through with mental health treatment recommended for her by Mary O'Connor, a clinical psychologist retained to evaluate respondent following the September 2010 petition. In February 2013, petitioner commenced this proceeding and, after a fact-finding hearing held over four days from May 2013 to August 2013, Family Court determined that respondent had permanently neglected the child. In November 2013, after a dispositional hearing, Family Court, upon the consent of the parties and the attorney for the child, suspended judgment for a term of one year. Respondent now appeals and we affirm.

Initially, we reject petitioner's claim that the appeal is moot because Family Court issued a suspended judgment, which is a disposition intended "to provide a parent who has been found to have permanently neglected his or her child with a brief grace period within which to become a fit parent with whom the child can be safely reunited" (*Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 683 [2010] [internal quotation marks and citation omitted]). Unfortunately, no party appeared at oral argument or otherwise updated the Court as to the child's welfare during the grace period.* Nevertheless, because "a neglect determination creates a permanent and significant stigma that may adversely affect respondent in future proceedings," the matter is not moot (*Matter of Shay-Nah FF. [Theresa GG.]*, 106 AD3d 1398, 1399 n 1 [2013] [internal quotation marks and citations omitted], *lv denied* 21 NY3d 863 [2013]; *see Matter of Bayley W. [Jaden W.]*, 100 AD3d 1203, 1203-1204 [2012]; *Mat-*

---

* Given the representation in petitioner's brief that there has been no further action, a concern is raised as to whether petitioner complied with its statutory obligation to submit a report to Family Court as to respondent's compliance with the suspension order (*see* Family Ct Act § 633 [d]) and whether a permanency plan has been established, as required (*see Matter of Anthony WW. [Karen WW.]*, 103 AD3d 941, 943 [2013], *lv denied* 21 NY3d 857 [2013]). If not, we encourage the parties to directly address this matter.

ter of Jack P. [Joi Q.], 80 AD3d 812, 813 n [2011], lv denied 16 NY3d 710 [2011]).

Turning to the merits, in order to establish permanent neglect, petitioner must demonstrate first, "by clear and convincing evidence[,] that it made diligent efforts to strengthen the parent-child relationship and encourage family reunification" (Matter of Angelo AA. [Tashina DD.], 123 AD3d 1247, 1248 [2014]; see Social Services Law § 384-b [7] [a]; Matter of Jasmine F. [Jeffrey G.], 74 AD3d 1396, 1398 [2010]). Such diligent efforts should be designed to address the problems that led to the child's removal, and to "strengthen the family relationship by such means as assisting the parent with visitation, providing information on the child's progress and development, and offering counseling and other appropriate educational and therapeutic programs and services" (Matter of Carter A. [Courtney QQ.], 121 AD3d 1217, 1218 [2014]; see Matter of Angelo AA. [Tashina DD.], 123 AD3d at 1248). Here, the primary barrier to family reunification was respondent's mental capacity to care for the child, who also had mental health needs. As such, Family Court's June 2011 order and each of the periodic permanency orders issued thereafter until September 2013 allowed continued supervised visitation and included the directive that respondent participate in a parenting skills program, obtain mental health treatment for herself and take medications as prescribed by the treatment providers.

At the fact-finding hearing, the testimony established that petitioner transported respondent to visitations with the child, who lived in several foster homes and residential facilities during the term of placement. Petitioner also provided parenting classes, family counseling and mental health counseling. When respondent became dissatisfied with the parenting classes offered, petitioner arranged for her to attend classes offered by a different provider. Similarly, when respondent was discharged from mental health counseling after she failed to comply with certain obligations, petitioner took steps to expedite her acceptance into an alternative program. Contrary to respondent's claim, we find that Family Court properly determined that petitioner made the requisite diligent efforts to encourage and strengthen respondent's relationship with the child (see Matter of Kapreece SS. [Latasha SS.], 128 AD3d 1114, 1115 [2015]; Matter of Destiny EE. [Karen FF.], 123 AD3d 1165, 1167 [2014]; Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1161-1162 [2014], lv denied 24 NY3d 918 [2015]; Matter of Carter A. [Courtney QQ.], 121 AD3d at 1218). We are not persuaded by the argument that petitioner failed to tailor the services neces-

sary to address respondent's mental health needs. Petitioner offered mental health counseling and, generally, it was obligated to "only make reasonable efforts, and it will be deemed to have fulfilled its obligation if appropriate services are offered but the parent refuses to engage in them or does not progress" (*Matter of Angelo AA. [Tashina DD.]*, 123 AD3d at 1248).

Once petitioner establishes its threshold burden, petitioner is obligated to demonstrate that, "despite [its] efforts, respondent has failed to . . . substantially plan for the child's future for one year after the agency has been charged with the child's care, although she was physically and financially able to do so" (*Matter of Samuel DD. [Margaret DD.]*, 123 AD3d at 1161 [internal quotation marks, brackets and citations omitted]; *see* Social Services Law § 384-b [7] [a]; *Matter of Carter A. [Courtney QQ.]*, 121 AD3d at 1219). We discern no error in Family Court's finding that petitioner met its burden here. Although the court recognized that O'Connor's testimony was of limited value given the time that had passed since she completed her evaluation, it noted O'Connor's recommendation that respondent obtain long-term mental health counseling and medication to address certain conditions that impeded her ability to safely parent the child. The court noted that, at the time of the fact-finding hearing, respondent had been in treatment since December 2012, but that her attendance was inconsistent and, during the preceding years, she resisted treatment; when she did enroll, she was discharged twice based on her poor attendance. Similarly, the court credited the testimony of petitioner's caseworker that respondent was combative with the caseworkers, often cancelled supervised visits with the child, did not consistently attend parenting classes, left the state for over two months because she needed a break and, with some exceptions, did not keep petitioner apprised of her address and telephone number. Petitioner's caseworker explained that, without an address, the caseworker could not inspect the residence to confirm that it was appropriate for visits, and this prevented respondent from being able to enjoy unsupervised visitation with the child. Given respondent's failure to consistently comply with the conditions imposed to address the issues preventing her from regaining custody of the child, and according the requisite deference to Family Court's factual findings, we find that the record supports its determination that respondent permanently neglected the child (*see Matter of Kapreece SS. [Latasha SS.]*, 128 AD3d 1114, 1116, *Matter of Aniya L. [Samantha L.]*, 124 AD3d 1001, 1004 [2015], *lv denied* 25 NY3d 904 [2015]; *Matter of Samuel DD. [Margaret*

*DD.]*, 123 AD3d at 1162; *Matter of Angelo AA. [Tashina DD.]*, 123 AD3d at 1249).

McCarthy, J.P., Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.