*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015      516951
     518825

_____

In the Matter of LANDON U.,
   Alleged to be a Neglected
   Child.

CORTLAND COUNTY DEPARTMENT OF
   SOCIAL SERVICES,
                Respondent;

AMANDA U.,
                Appellant.

(Proceeding No. 1.)
_____

In the Matter of AMANDA U.,
                Appellant,

    v

HOWARD U.,
                Respondent.

(Proceeding No. 2.)
_____

                        MEMORANDUM AND ORDER

In the Matter of LANDON U.,
   Alleged to be a Permanently
   Neglected Child.

CORTLAND COUNTY DEPARTMENT OF
   SOCIAL SERVICES,
                Respondent;

AMANDA U.,
                Appellant.

(Proceeding No. 3.)
_____

Calendar Date:   September 8, 2015

Before:   McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

_____

        A.L. Beth O'Connor, Cortland, for appellant.

        Kathleen A. Sullivan, Cortland County Department of Social
Services, Cortland, for Cortland County Department of Social
Services, respondent.

        Natalie B. Miner, Homer, attorney for the child.

_____

Clark, J.

        Appeals (1) from an order of the Family Court of Cortland
County (Campbell, J.), entered May 14, 2013, which dismissed
petitioner's application, in proceeding No. 2 pursuant to Family
Ct Act article 8, for an order of protection, (2) from two orders
of said court, entered May 31, 2013 and June 24, 2013, which,
among other things, granted petitioner's application, in
proceeding No. 1 pursuant to Family Ct Act article 10, to
adjudicate respondent's child to be neglected, and (3) from three
orders of said court, entered March 17, 2014 and March 25, 2014,
which, among other things, granted petitioner's application, in
proceeding No. 3 pursuant to Social Services Law § 384-b, to
adjudicate respondent's child to be permanently neglected, and
terminated respondent's parental rights.

        Amanda U. (hereinafter the mother) and respondent Howard U.
(hereinafter the father) are the divorced parents of Landon U.
(born in 2012).  In August 2010, following proceedings in Broome
County, the mother was found to have neglected her two older
children from a prior relationship.  On April 12, 2012, the day
of his birth, Landon (hereinafter the child) was taken into the

custody of petitioner Cortland County Department of Social Services (hereinafter DSS). The next day, DSS filed a neglect petition (proceeding No. 1), alleging that the mother derivatively neglected the child on the basis of her prior neglect of her two older children (born in 2009 and 2010), the insufficiency of her participation with regard to services, and her continuation in a violent and volatile relationship with the father. Thereafter, the mother filed a family offense petition against the father (proceeding No. 2), alleging that he was harassing her with multiple phone calls and text messages. A fact-finding hearing ensued, after which Family Court found that the mother derivatively neglected the child and dismissed the mother's family offense petition. The mother thereafter agreed to continue custody of the child with a relative.[1] Subsequently, DSS filed a petition alleging that the mother permanently neglected the child and, accordingly, sought the termination of the mother's parental rights (proceeding No. 3). After a fact-finding hearing, Family Court found that the mother permanently neglected the child and, following the dispositional hearing, determined that it was in the best interests of the child to terminate the mother's parental rights. The mother appeals from the orders finding that she neglected and

_____

[1] The mother properly appeals Family Court's June 24, 2013 fact-finding order regarding the court's finding of derivative neglect (see Matter of Alyssa L. [Deborah K.], 93 AD3d 1083, 1085 [2012]). However, she cannot appeal from the court's order of disposition as that order was entered upon consent (see Matter of Na'Sir RR. [Devine RR.], 118 AD3d 1180, 1180-1181 [2014]). Inasmuch as the mother has not moved to vacate the disposition or withdraw her consent to the same and because no appeal lies from an order issued on consent, her appeal from the May 31, 2013 dispositional order must be dismissed (see id.). The mother's appeal from the permanency hearing order entered March 17, 2014 must also be dismissed (see Matter of Loraida R. [Lois S.], 97 AD3d 925, 926 n 2 [2012]; Matter of Kim OO. v Broome County Dept. of Social Servs., 44 AD3d 1164, 1165 [2007]).

permanently neglected the child,[2] as well as the order dismissing the mother's family offense petition.[3]

Based upon the record before us, we find that DSS met its burden to establish that the mother derivatively neglected the child. Evidence of the prior neglect of a child is admissible to prove that the parent neglected another child (see Family Ct Act § 1046 [a] [i]), "but may not provide the sole basis for a determination of derivative neglect unless the parent's past conduct demonstrates [profound] fundamental flaws in the [parent's] understanding of the duties of parenthood" such that there is a substantial risk of harm for any child left in that parent's care (Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, 1163 [2015] [internal quotation marks omitted], lv denied 25 NY3d 914 [2015]; see Matter of Brad I. [Brad J.], 117 AD3d 1242, 1243–1244 [2014]). Additionally, "the prior neglect determination [must be] sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist" (Matter of Tradale CC., 52 AD3d 900, 901 [2008]; accord Matter of Neveah AA. [Alia CC.], 124 AD3d 938, 939 [2015]; see Matter of Xiomara D. [Madelyn D.], 96 AD3d 1239, 1240 [2012]).

Here, during the fact-finding hearing in the neglect proceeding, Family Court took judicial notice of an August 2010 order in which the mother was adjudged to have neglected her two older children due to violently shaking the oldest child and failing to seek medical attention for him. As a result, that child sustained a subdural hemotoma and now suffers from extreme cognitive delays and other related complications. These children

---

[2]   The mother also attempts to appeal from four decisions of Family Court that relate to the findings of neglect and permanent neglect; two dated May 14, 2013, one dated February 10, 2014 and one dated February 20, 2014. However, no appeal may be taken from decisions (see Family Ct Act § 1112; CPLR 5702).

[3]   The father, who was also the subject of a neglect proceeding, voluntarily surrendered his parental rights to the child and has not participated in the instant appeal.

have been in foster care in Broome County since August 2010. Given the level of impairment of parental judgment that the mother demonstrated previously, we find the nearly two-year gap in time between the prior finding of neglect and the instant proceeding proximate enough to support a finding of derivative neglect (see e.g. Matter of Ilonni I. [Benjamin K.], 119 AD3d 997, 997-998 [2014], lv denied 24 NY3d 914 [2015]; Matter of Paige WW. [Charles XX.], 71 AD3d 1200, 1203 [2010]).

Furthermore, additional evidence also demonstrated that the mother failed to cure or adequately address, despite the availability of services – parenting classes, domestic violence services and mental health counseling, among others – the earlier identified deficiencies in her parenting skills that created a substantial risk of harm to the child. Tellingly, the mother had yet to progress to unsupervised visitations with the older children for a number of reasons. Testimony from a variety of witnesses also revealed that the relationship between the mother and father was volatile and rife with physical abuse, verbal abuse and many dueling orders of protection. The mother herself described the relationship as unhealthy. Despite this, the mother testified that she was trying to work through her relationship with the father and had continued in a violent and volatile relationship with him during the period of time before the child's birth (see Matter of Hailey XX. [Angel XX.], 127 AD3d 1266, 1268 [2015]). Thus, Family Court's determination that the mother derivatively neglected the child was supported by a preponderance of the evidence (see Matter of Alexander Z. [Melissa Z.], 129 AD3d at 1164; Matter of Sumaria D. [Madelyn D.], 121 AD3d 1203, 1205-1206 [2014]; Matter of Xiomara D. [Madelyn D.], 96 AD3d at 1240-1241).

Next, Social Services Law § 384-b (7) (a) defines a permanently neglected child as a child who is in the care of an authorized agency and whose parent has failed, for a period of more than one year following the date such child came into the care of an authorized agency, substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and

strengthen the parental relationship (see Matter of Star Leslie W., 63 NY2d 136, 140 [1984]).  Contrary to the position set forth by the mother on appeal, we find Family Court's threshold determination of diligent efforts to be supported by the record.  Specifically, at the fact-finding hearing, the testimony established that, in addition to facilitating regular visitation with the mother and child aimed towards the goal of reunification — both supervised and monitored within the mother's home — DSS offered numerous services including, but not limited to, parenting support, domestic violence counseling, mental health counseling, anger management, drug and alcohol abuse and nutritional eating.   In addition, the mother's caseworkers were frequently in contact with her to ensure compliance with services and monitor her progress.  Inasmuch as these efforts were "designed to address the problems that led to the child's removal, and to 'strengthen the family relationship by such means as assisting the parent with visitation, providing information on the child's progress and development, and offering counseling and other appropriate educational and therapeutic programs and services'" (Matter of Everett H. [Nicole H.], 129 AD3d 1123, 1125 [2015], quoting Matter of Carter A. [Courtney QQ.], 121 AD3d 1217, 1218 [2014]), Family Court did not err in its determination that DSS established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the mother's relationship with the subject child (see Matter of Kapreece SS. [Latasha SS.], 128 AD3d 1114, 1115 [2015], lv denied 26 NY3d 903 [2015]; Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1002-1003 [2015], lv denied 25 NY3d 904 [2015]; Matter of Angelo AA. [Tashina DD.], 123 AD3d 1247, 1247-1249 [2014]).

     Therefore, we now turn to the second of the two-part inquiry, namely, whether the mother substantially planned for the child's future (see Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [2010], lv denied 14 NY3d 713 [2010]; Matter of Laelani B., 59 AD3d 880, 881-882 [2009]), and we find that, notwithstanding DSS's diligent efforts, the record supports Family Court's determination of permanent neglect.  To substantially plan, a parent must, at a minimum, take meaningful steps to correct the conditions that led to the child's initial removal from the home (see Matter of Nathaniel T., 67 NY2d 838,

840 [1986]; Matter of Alaina E., 59 AD3d 882, 885 [2009], lv denied 12 NY3d 710 [2009]). During the relevant fact-finding hearing, the mother refused to take responsibility for the injuries caused to the child that she had violently shaken, the act which arguably led to the removal of the older children in the first instance (see Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1162 [2014], lv denied 24 NY3d 918 [2015]; Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243, 1247-1248 [2014], lv denied 24 NY3d 907 [2014]). Further, while it is beyond dispute that the mother participated in a number of the services made available to her, the record before us demonstrates that she failed to benefit from them and, as such, failed to successfully plan for the future of the child (see Matter of Aniya L. [Samantha L.], 124 AD3d at 1004). Moreover, the record further reveals the mother's continued involvement with men – the father, as well as others – who are not safe for her and her children to be around (see Matter of Angelo AA. [Tashina DD.], 123 AD3d at 1249). Accordingly, DSS met its burden of proving by clear and convincing evidence that the mother failed to substantially plan for the child's future and, thus, permanently neglected him.

As to disposition, we are unpersuaded that Family Court should have granted a suspended judgment in lieu of terminating respondent's parental rights. "'Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests'" (Matter of Johanna M. [John L.], 103 AD3d 949, 951 [2013], lv denied 21 NY3d 855 [2013], quoting Matter of Angelica VV., 53 AD3d 732, 733 [2008]; accord Matter of Asianna NN. [Kansinya OO.], 119 AD3d at 1248; see Family Ct Act § 631). Here, the child has been in foster care with the same foster parent since he was only two months old. As could be expected, the child has developed a strong and loving bond with his foster family. Additionally, unlike the mother's home, the record demonstrates that the home provided by the child's foster parent is a safe environment free of domestic violence. Thus, based upon the record as a whole, Family Court's decision to terminate the mother's parental rights instead of ordering a suspended judgment was not an abuse of discretion (see

Matter of Madalynn I. [Katelynn J.], 111 AD3d 1205, 1207 [2013]; Matter of Alysheionna HH. [Tara II.], 101 AD3d 1413, 1415 [2012], lv denied 20 NY3d 861 [2013]; Matter of Hannah T. [Joshua U.], 95 AD3d 1609, 1611 [2012], lv denied 19 NY3d 813 [2012]).

The remaining issues have been considered and have been found to be without merit.

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the appeals from the orders entered May 31, 2013 and March 17, 2014 are dismissed, without costs.

ORDERED that the remaining orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court