Matter of Jerell P. (Qubilah G.) (2018 NY Slip Op 00068)





Matter of Jerell P. (Qubilah G.)


2018 NY Slip Op 00068


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5362 5361

[*1]In re Jerell P., A Child Under Eighteen Years of Age, etc., Qubilah G., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Anne Reiniger, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 27, 2016, which, upon granting petitioner agency's motion for summary judgment, found that respondent mother had derivatively neglected the subject child, unanimously affirmed, without costs. Appeal from decision and order, same court, Judge and date, which granted the motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the order of fact-finding and disposition.
The agency made a prima facie showing of derivative neglect as to the subject child, based on prior orders finding that the mother had neglected and derivatively neglected her four older children (see Matter of Camarrie B. [Maria R.], 107 AD3d 409 [1st Dept 2013]). The prior neglect findings, issued over a two-year period between 2014 and 2016, support a finding that the mother, by reason of her cognitive limitations and impaired judgment, was unable to care for any child (see Matter of Phoenix J. [Kodee J.], 129 AD3d 603 [1st Dept 2015]; Matter of T-Shauna K., 63 AD3d 420 [1st Dept 2009]). Further, the conduct underlying the prior findings of neglect was sufficiently proximate in time to the derivative neglect proceeding to support the conclusion that the conditions still existed (see T-Shauna K., 63 AD3d at 420). Moreover, the repeated findings of neglect against the mother and her ongoing failure to participate in services as evidenced by the fact that her children were never returned to her care and by the transfer of guardianship, all established that the conditions that led to the prior findings still existed and that the child would be at risk in her care (see Matter of Neveah AA. [Alia CC.], 124 AD3d 938 [3d Dept 2015]).
In opposition to the agency's motion, the mother failed to
rebut the presumption that the conditions leading the neglect of the child's siblings had not been remedied (see Matter of Phoenix J. at 603-604).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK