Matter of Renezmae X. (Kimberly X.--Chad W.) (2019 NY Slip Op 04513)





Matter of Renezmae X. (Kimberly X.--Chad W.)


2019 NY Slip Op 04513


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

526042

[*1]In the Matter of RENEZMAE X., Alleged to be a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY X., Appellant, and CHAD W., Respondent.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Sandra M. Colatosti, Albany, for appellant.
Thomas P. Coulson, Broome County Department of Social Services, Binghamton, for Broome County Department of Social Services, respondent.
Lisa K. Miller, McGraw, for Chad W., respondent.
David M. Brown, Binghamton, attorney for the child.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 4, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct article 10, to adjudicate the subject child to be neglected.
Respondent Kimberly X. (hereinafter the mother) and respondent Chad W. (hereinafter the father) are the parents of two children (born in 2015 and 2016), the younger of which is the subject of this proceeding [FN1]. In a February 2016 order, the mother and the father admitted to a finding of neglect as to the older child based upon their untreated mental health and substance abuse issues as having placed the older child at risk of harm. The February 2016 order required the parents, among other things, to participate in mental health counseling, attend parenting classes, cooperate in substance abuse evaluations and maintain a clean and healthy residence. In October 2016, shortly after the younger child was born, petitioner commenced this proceeding alleging that the mother and the father neglected the younger child by failing to obtain and maintain adequate housing and derivatively neglected the younger child by failing to address the [*2]issues leading to the prior neglect admission. Following a fact-finding hearing, Family Court granted the petition. The mother appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004] [internal citation omitted]; see Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1215 [2011], lv denied 17 NY3d 708 [2011]). "Derivative neglect is established where the evidence demonstrates an impairment of parental judgment to the point that it creates a substantial risk of harm for any child left in that parent's care, and the prior neglect determination is sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist" (Matter of Neveah AA. [Alia CC.], 124 AD3d 938, 939 [2015] [internal quotation marks and citations omitted]; see Matter of Sumaria D. [Madelyn D.], 121 AD3d 1203, 1204 [2014]; Matter of Landon W., 35 AD3d 1139, 1141 [2006]). Family Court's factual findings and credibility determinations are accorded great deference when they are supported by a sound and substantial basis in the record (see Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1418 [2018]; Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1468 [2017], lv denied 31 NY3d 904 [2018]).
At the fact-finding hearing, a caseworker testified that she had visited the apartment where the mother and the father lived and observed puddles and dog feces on the floor, "flies all over the home" and four dogs in the apartment. The caseworker was advised that the parents were being evicted and that they were still looking for a place to live. Another caseworker testified that, when she visited the parents' apartment, she saw that the back door was broken and did not latch, the tub was leaking and the electricity was not working in all of the rooms. The record further discloses that the mother had tested positive for drug use during her pregnancy of the younger child. Indeed, the caseworker testified that when she saw the younger child after she was born, the younger child appeared "jittery, shaky." The mother continued to have seizures, which were being managed only by medication being prescribed by her primary care physician, and she was advised to see a neurologist. A caseworker testified that she told the mother that she needed to attend and complete substance abuse and parenting classes. Yet, despite some progress, the mother's attendance at parenting classes was poor and she did not complete her substance abuse treatment. The mother missed drug screens and visits with the older child. The mother was also notified of the older child's doctor appointments but did not attend them.
Family Court found that the mother resided in a "filthy, stinky home" and that she had neither addressed her substance abuse problems nor completed the parenting classes as required by the February 2016 order. In view of the record evidence and taking into account the proximity of the prior neglect finding, we reject the mother's assertion that the determination of derivative neglect was erroneous (see Matter of Warren RR. [Brittany Q.], 143 AD3d 1072, 1075 [2016], lv denied 29 NY3d 905 [2017]; Matter of Neveah AA. [Ali CC.], 124 AD3d at 939-940; Matter of Michael N. [Jason M.], 79 AD3d 1165, 1168 [2010]; Matter of Darren HH. [Amber HH.], 68 AD3d 1197, 1198 [2007], lv denied 14 NY3d 703 [2010]). Furthermore, the determination of neglect is supported by a sound and substantial basis given the record evidence that the mother failed to secure adequate housing for the younger child (see Matter of Natalee M. [Nathan M.], 155 AD3d at 1469-1470). The mother's remaining contentions have been considered and are without merit.
Egan Jr., J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Both children were temporarily removed from the parents' custody and are under the care and custody of petitioner.