■ In the Matter of MELIJAH NN. and Another, Alleged to be Permanently Neglected Children. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RUSSELL NN., Appellant. [51 NYS3d 440]—

Lynch, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 6, 2016, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected.

Respondent is the biological father of two children (born in 2008 and 2009), both of whom have been in foster care since June 2013. In September 2015, petitioner commenced this proceeding alleging that respondent permanently neglected the children due, in part, to his recurring substance abuse issues and incarceration. The father had been incarcerated throughout the period of foster care until he was released on parole in October 2015. At the start of the fact-finding hearing, respondent's counsel was unable to explain his absence. It then came to light, through the testimony of respondent's parole officer, that respondent had relapsed and tested positive for cocaine and heroin use on February 10, 2016. Prior to the hearing, the parole officer had advised respondent to turn himself in because there was a warrant outstanding for his arrest. After the fact-finding hearing, Family Court determined that petitioner established by clear and convincing evidence that re-

spondent had permanently neglected the children.[1] A dispositional hearing was thereafter held and, in May 2016, Family Court terminated respondent's parental rights and freed the children for adoption. Respondent now appeals from the order of fact-finding only.[2]

Respondent's appeal must be dismissed, for no appeal lies as of right from a nondispositional order in a permanent neglect proceeding (*see Matter of Alyssa L. [Deborah K.]*, 93 AD3d 1083, 1084-1085 [2012]). Given respondent's default at the fact-finding hearing and the apparent lack of merit in his appellate brief, we decline to treat respondent's notice of appeal as a request for permission to appeal (*see id.*).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

1. The mother's parental rights were terminated in November 2014.

2. There is no indication in the record that respondent appealed from the dispositional order, which would ordinarily bring up for review the finding of permanent neglect (*see Matter of Michael JJ. [Gerald JJ.]*, 101 AD3d 1288, 1289 n 1 [2012], *lv denied* 20 NY3d 860 [2013]; *Matter of Arianna I. [Roger I.]*, 100 AD3d 1281, 1282 n 1 [2012]), except, like here, when the fact-finding order is issued upon default (*see Matter of Adele T. [Kassandra T.]*, 143 AD3d 1202, 1203 [2016]).