■ In the Matter of CORDELL M., Alleged to be a Permanently Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHERYL O. et al., Appellants. [53 NYS3d 728]—

McCarthy, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered October 1, 2015, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondents' parental rights.

Respondents are the mother and the father of a son (born in 2012). The child has been in the continuous care, custody and guardianship of petitioner since respondents were adjudged to have neglected the child in 2013, based on, among other things, respondents' substance abuse and domestic violence issues. In May 2014, petitioner filed a petition requesting that the child be adjudicated permanently neglected and to continue his care, custody and guardianship with petitioner. Following a fact-finding hearing, Family Court found that respondents had permanently neglected the child and, after a dispositional hearing, it terminated respondents' parental rights and continued

the child's care, custody and guardianship with petitioner. Respondents appeal, and we affirm.

Petitioner met its initial burden of establishing "by clear and convincing evidence, that it made 'diligent efforts to encourage and strengthen the parental relationship' " between respondents and the child (*Matter of James J. [James K.]*, 97 AD3d 936, 936 [2012], quoting Social Services Law § 384-b [7] [a]; *see Matter of Joannis P. [Joseph Q.]*, 110 AD3d 1188, 1189 [2013], *lv denied* 22 NY3d 857 [2013]). The record establishes that petitioner's agents repeatedly encouraged respondents to engage in services for substance abuse, domestic violence and mental health issues and that they made appropriate referrals in that regard. The agents also encouraged respondents to visit with and appropriately interact with the child, and, in regard to respondents' alleged transportation problems, provided bus passes for the purposes of facilitating visits with the child. The fact that respondents failed to take advantage of or benefit from offered services and failed to take advantage of numerous opportunities to visit with the child does not undermine petitioner's efforts. Accordingly, Family Court properly determined that petitioner established, by clear and convincing efforts, that it made the requisite diligent efforts to facilitate respondents' relationships with the child (*see Matter of Jazmyne II. [Frank MM.]*, 144 AD3d 1459, 1460 [2016], *lv denied* 29 NY3d 901 [2017]; *Matter of Landon U. [Amanda U.]*, 132 AD3d 1081 [2015]).

Next, the record supports Family Court's determination that respondents failed to "fulfill [their] obligation[s] to both maintain contact with the child and develop a realistic plan for his future" (*Matter of Kaiden AA. [John BB.]*, 81 AD3d 1209, 1210 [2011]; *see Matter of Marcus BB. [Donna AA.]*, 130 AD3d 1211, 1212 [2015]; *Matter of Lawrence KK. [Lawrence LL.]*, 72 AD3d 1233, 1234-1235 [2010], *lv denied* 14 NY3d 713 [2010]). Respondents refused or missed drug screenings on a number of occasions, and both tested positive for cocaine and opiates during the relevant time period. Respondents also either failed to participate in or failed to complete substance abuse programs. In addition, they both missed the vast majority of the opportunities that they were given to visit with the child. Further, despite the role that domestic violence played in the underlying neglect finding, respondents both refused to acknowledge issues with domestic violence in their relationship or the need for treatment in that regard. Given respondents' respective failures to address the issues that prevented reunification, the record supports Family Court's conclusion

that they permanently neglected the child (*see Matter of Kapreece SS. [Latasha SS.]*, 128 AD3d 1114, 1116 [2015], *lv denied* 26 NY3d 903 [2015]; *Matter of Arianna BB. [Tracy DD.]*, 110 AD3d 1194, 1197 [2013], *lv denied* 22 NY3d 858 [2014]). Moreover, given the foregoing and further considering the evidence that the child was thriving with his foster parents and was bonded to them, Family Court properly determined that any further delay was not in the child's best interests and that the termination of respondents' parental rights was warranted (*see Matter of Jazmyne II. [Frank MM.]*, 144 AD3d at 1461; *Matter of Aniya L. [Samantha L.]*, 124 AD3d 1001, 1006 [2015], *lv denied* 25 NY3d 904 [2015]).

Garry, Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.