Egan Jr., J.
 

 Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered October 11, 2016, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent’s parental rights.
 

 Respondent is the father of two children (born in 2008 and 2011). The children resided with both respondent and their mother until July 2013, when the father obtained, on an emergency basis, sole temporary custody of the children based upon allegations that the mother, among other things, had an uncontrolled drug addiction. Two months later, upon receipt of a Child Protective Services hotline report, petitioner filed neglect petitions against both respondent and the mother. Respondent and the mother consented to findings of neglect against them and, in April 2014, Family Court entered a suspended judgment that permitted the children to remain in the father’s custody subject to certain conditions, including, among other things, that he participate in the Family Treatment Court program (hereinafter FTC) and not permit the mother to have contact with the children, with the exception of supervised contact as arranged and approved by petitioner.
 
 [1]
 

 Petitioner subsequently filed a violation petition alleging that respondent had failed to abide by the conditions of the suspended judgment. The children were thereafter removed from respondent’s care and placed in petitioner’s custody to reside in foster care with extended family. Respondent admitted to violating the terms of the suspended judgment and exposing the children to further neglect by, among other things, allowing the mother to have extensive, unsupervised visitation with the children, despite her continued drug abuse. Accordingly, Family Court’s subsequent dispositional order placed respondent under the supervision of petitioner and directed him to, among other things, participate in FTC, not abuse his prescription opiate medication, attend service plan and family team meetings and cooperate with his service providers.
 
 [2]
 
 One year later, petitioner commenced this permanent neglect proceeding seeking termination of respondent’s parental rights, alleging that, despite its diligent efforts, respondent had failed to, among other things, adequately plan for the future of the children.
 
 [3]
 
 Following a fact-finding and dispositional hearing, Family Court adjudicated the children to be permanently neglected, terminated respondent’s parental rights and freed the children for adoption. Respondent now appeals and we affirm.
 

 “Social Services Law § 384-b (7) (a) defines a permanently-neglected child as a child who is in the care of an authorized agency and whose parent has failed, for a period of more than one year following the date such child came into the care of an authorized agency, substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency’s diligent efforts to encourage and strengthen the parental relationship” (Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1002 [2017] [citation omitted]). Where, as here, petitioner seeks to terminate parental rights on the basis of permanent neglect, it “must first establish, by clear and convincing evidence, that it has made diligent efforts to encourage and strengthen the parent’s relationship with the children” (Matter of Alexander Z. [Jimmy Z.], 149 AD3d 1177, 1178 [2017]; accord Matter of Jessica U. [Stephanie U.], 152 AD3d at 1002; see Social Services Law § 384-b [7] [a]). Such diligent efforts include, among other things, making arrangements for visitation with the children, advising the parent of the children’s progress and development and providing access to counseling and other appropriate educational and therapeutic programs and services in an effort to resolve or ameliorate the problems that either led to the children’s removal and/or are preventing the parent’s reunification with the children (see Social Services Law § 384-b [7] [a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]).
 

 Here, petitioner met its threshold obligation of establishing that it exercised diligent efforts to encourage and strengthen the relationship between respondent and the children. The testimony of two caseworkers and a family worker demonstrated that, following the children’s removal from respondent’s care in May 2014, the primary concern that needed to be resolved before the subject children could be reunified with respondent was the establishment of a safe, sober and stable home for the children. Petitioner developed a detailed individualized service plan that provided respondent access to a range of services tailored to address this goal. The caseworkers indicated that respondent was provided referrals for, among other things, a substance abuse evaluation, a psychological evaluation and a drug and alcohol counselor, and he was offered mental health services, including anger management classes, parenting programs and counseling. Petitioner also facilitated supervised visitation between respondent and the children and, as part thereof, respondent had regular face-to-face meetings with his caseworker and a family worker to discuss parenting strategies, service referrals and the ongoing problems that needed to be addressed to accomplish successful reunification with the children. Moreover, numerous service plan reviews and family team meetings were conducted to review respondent’s progress toward the goal of reunification.
 

 Contrary to respondent’s assertion, the importance of establishing an independent residence separate and apart from the mother was an issue that petitioner repeatedly indicated was a priority in order for respondent to obtain reunification with the children.
 
 [4]
 
 Respondent’s caseworker and family worker testified that, once it became apparent that the mother was unwilling or unable to adequately address her drug addiction, they counseled respondent regarding the implications of him continuing to reside with the mother, indicating specifically that it would serve as a barrier to his ultimate reunification with the children. To that end, the caseworker testified that he encouraged respondent on numerous occasions to apply for public assistance to the extent he needed assistance establishing a new residence. The caseworker further testified that he would personally follow-up with public assistance, if necessary, and indicated that petitioner also had other potential resources available to aid respondent in finding appropriate alternative housing. Respondent, however, never applied for any such assistance. Moreover, despite respondent’s acknowledgment of the mother’s continued drug use and his repeated assertions regarding his intent to relocate, his loyalty for the mother prevailed and he failed to establish a safe, sober and stable home, free from the mother’s illicit drug use. While petitioner must offer assistance and encourage a parent’s participation in appropriate services, it need not establish his or her success or progression where, as here, the parent elects not to accept the assistance offered (see Matter of Sheila G., 61 NY2d 368, 385 [1984]; Matter of Everett H. [Nicole H.], 129 AD3d 1123, 1125-1126 [2015]). On the record before us, therefore, we find that petitioner presented clear and convincing evidence establishing that it provided appropriate services and made diligent efforts to reunite respondent with his children (see Matter of Jessica U. [Stephanie U.], 152 AD3d at 1002; Matter of Alexander Z. [Jimmy Z.], 149 AD3d at 1178).
 

 Petitioner also proved, by clear and convincing evidence, that, although able to do so, respondent failed to adequately plan for the future of the children (see Social Services Law § 384-b [7] [a]). “To substantially plan, a parent must, at a minimum, take meaningful steps to correct the conditions that led to the child [ren]’s initial removal from the home” (Matter of Marcus BB. [Donna AA.], 130 AD3d 1211, 1212 [2015] [citations omitted]; accord Matter of Alexander Z. [Jimmy Z.], 149 AD3d at 1179). A parent’s good faith effort, however, is not, in and of itself sufficient—the plan must be realistic and feasible (see Social Services Law § 384-b [7] [c]; Matter of Jessica U. [Stephanie U.], 152 AD3d at 1004). To respondent’s credit, he did engage in substance abuse treatment, successfully completed various parenting programs, regularly attended meetings with petitioner and had positive interactions with the children in a hands-on, appropriate manner during the large majority of his visitations. Respondent’s participation in classes and programs, however, is not sufficient where, as here, the proof demonstrates that he failed to “utilize the tools or lessons learned in those classes in order to successfully plan for the child[ren]’s future” (Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1004 [2015] [internal quotation marks and citation omitted], lv denied 25 NY3d 904 [2015]). Ultimately, despite respondent’s best intentions, he failed to adequately address and remedy the problems that led to the children’s removal in the first instance. Respondent failed to engage in numerous recommended services, including anger management, individualized mental health treatment or domestic violence or codependency counseling. Most significantly, however, he simply refused to recognize or accept the danger that the mother and her uncontrolled drug addiction posed to the children (see Matter of Angelina BB. [Miguel BB.], 90 AD3d 1196, 1198 [2011]; cf. Matter of Alister UU. [Angela VV.], 117 AD3d 1137, 1139 [2014] ).
 
 [5]
 
 Instead, he repeatedly prioritized his relationship with the mother over the well-being of the children and, ultimately, by failing to establish his own drug-free residence separate and apart from her, he failed to create a safe, sober and stable home that his children could return to. Accordingly, on the record before us, we find no basis to disturb Family Court’s conclusion that respondent permanently neglected his children by failing to adequately and realistically plan for their future (see Matter of Landon U. [Amanda U.], 132 AD3d 1081, 1085 [2015]).
 

 Garry, J.P., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . Respondent admitted to engaging in alcohol abuse and domestic violence in the presence of the children thereby putting the children at imminent risk of harm, and the mother admitted to abusing drugs and alcohol to such a degree that she was unable to provide the children with adequate supervision and care.
 

 [2]
 

 . Respondent had a valid prescription for opiate pain medication with respect to a long-term back injury.
 

 [3]
 

 . Petitioner filed permanent neglect petitions against both respondent and the mother. The mother defaulted during the fact-finding hearing and Family Court thereafter adjudicated her to have permanently neglected the children.
 

 [4]
 

 . Although the father briefly moved out of the residence that he shared with the mother in the spring of 2014, by July 2014 they had moved back in together. They continued living together throughout the year prior to the filing of the subject permanent neglect petition.
 

 [5]
 

 . Despite the mother’s addiction to opioids, respondent repeatedly failed to provide petitioner with required medication logs or submit to pill counts in order to account for his prescribed opiate medication. Notably, the one medication log that respondent did submit to petitioner was determined to be falsified—a fact that respondent later acknowledged.