Matter of Zyrrius Q. (Nicole S.) (2018 NY Slip Op 03184)





Matter of Zyrrius Q. (Nicole S.)


2018 NY Slip Op 03184


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

523972

[*1]In the Matter of ZYRRIUS Q., Alleged to be a Permanently Neglected Child. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE S., Appellant.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Thomas H. Kheel, Ithaca, for appellant.
Keith I. Cassidy, Tompkins County Department of Social Services, Ithaca, for respondent.
Susan B. McNeil, Ithaca, attorney for the child.




MEMORANDUM AND ORDER
Aarons
, J.
Appeals from two orders of the Family Court of Tompkins County (Rowley, J.), entered October 11, 2016 and October 25, 2016, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.
Respondent is the mother of a son (born in 2014)[FN1]. The child was born premature and, after the child was released from the hospital, he was placed in petitioner's care and custody. In September 2015, petitioner commenced this permanent neglect proceeding seeking to terminate respondent's parental rights. Following fact-finding and dispositional hearings, Family Court found that respondent permanently neglected the child and terminated her parental rights. These [*2]appeals by respondent ensued.[FN2]
Petitioner met its threshold burden by establishing through clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Paige J. [Jeffrey K.], 155 AD3d 1470, 1472 [2017]; Matter of Zoey O. [Veronica O.], 147 AD3d 1227, 1228-1229 [2017]). A caseworker employed by petitioner testified that the child was removed from respondent's care due to respondent's mental health, anger management and substance abuse issues. A service plan was created and respondent was provided with counseling to address her issues. Petitioner also referred respondent to anger management and parenting classes, and the caseworker testified that respondent attended family team meetings wherein the service plan and her progress were discussed. Petitioner also facilitated supervised visitations between respondent and the child. In view of the foregoing, we see no basis to disturb Family Court's finding that petitioner made the requisite diligent efforts to reunite respondent with the child (see Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1004 [2017]; Matter of Landon U. [Amanda U.], 132 AD3d 1081, 1084 [2015]).
The record evidence further demonstrates that respondent failed to develop a realistic plan for the child's future (see Matter of Paige J. [Jeffrey K]., 155 AD3d at 1474; Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1004 [2015], lv denied 25 NY3d 904 [2015]; Matter of Maelee N., 48 AD3d 929, 930 [2008], lv denied 10 NY3d 709 [2008]). Respondent visited with the child and attended some classes to address her mental health and anger management issues. Mere participation, however, is not sufficient. "[A] parent is required to not only attend classes, but to benefit from the services offered and utilize the tools or lessons learned in those classes in order to successfully plan for the child's future" (Matter of Elijah NN., 20 AD3d 728, 730 [2005]; see Matter of Jessica U. [Stephanie U.], 152 AD3d at 1004).
At the fact-finding hearing, another caseworker testified that respondent, who was holding the child, became "progressively upset" when she was informed that there would be no makeup visitation session after she missed one and that the caseworker was nervous that she would drop the child. The caseworker further stated that respondent "was drinking and was not engaged in her services fully" and was only sporadically attending her mental health classes. The caseworker testified that respondent was distracted and was not always engaged during visitations with the child and that she used her cell phone even though such use was not allowed. The record evidence further shows that respondent drove to supervised visitations with a suspended driver's license. Respondent was also advised to arrive early to supervised visitations to do a "pre visit," which was part of the coaching visitation program but, most times, she failed to do so. Respondent failed to maintain a suitable or stable living environment for the child, she canceled visitations and she was arrested for stealing a laptop. Based on the foregoing, Family Court properly found that respondent failed to adequately plan for the child's future (see Matter of Cordell M. [Cheryl O.], 150 AD3d 1424, 1425-1426 [2017]; Matter of Samuel DD. [Margaret [*3]DD.], 123 AD3d 1159, 1162 [2014], lv denied 24 NY3d 918 [2015]; Matter of Isaiah F., 55 AD3d 1004, 1006 [2008]).
Finally, we reject respondent's assertion that termination of her parental rights and freeing the child for adoption did not serve the best interests of the child (see Matter of Walter DD. [Walter TT.], 152 AD3d 896, 898 [2017], lv denied 30 NY3d 905 [2017]; Matter of Damian L. [Frederick L.], 100 AD3d 1193, 1195-1196 [2012]; Matter of Bradly A. [Lawrence A.], 97 AD3d 931, 932 [2012], lv denied 19 NY3d 814 [2012]). The evidence from the dispositional hearing reveals that respondent sent text messages to the foster parents threatening their safety, as well as the safety of the child, and that she had left New York and was arrested for advertising prostitution services. Meanwhile, the child has thrived under the care of his foster parents, who have expressed their desire to adopt him and with whom he has lived his entire life. Accordingly, Family Court's determination to terminate respondent's parental rights was supported by a sound and substantial basis in the record (see Matter of Cordell M. [Cheryl O.], 150 AD3d at 1426; Matter of Aniya L. [Samantha L.], 124 AD3d at 1006; Matter of Dakota Y. [Robert Y.], 97 AD3d 858, 861 [2012], lv denied 20 NY3d 852 [2012]).[FN3]
McCarthy, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the appeal from the order entered October 25, 2016 is dismissed, without costs.
ORDERED that the order entered October 11, 2016 is affirmed, without costs.



Footnotes

Footnote 1: The parental rights of the child's father were terminated under a petition of abandonment.

Footnote 2: Given that no appeal lies as of right from a nondispositional order in a permanent neglect proceeding, we dismiss the appeal from the fact-finding order entered October 25, 2016 (see Matter of Melijah NN. [Russell NN.], 150 AD3d 1348, 1349 [2017]; Matter of Jah'Meir G. [Eshale G.], 112 AD3d 1014, 1015 [2013], lv denied 22 NY3d 863 [2014]). The issues raised with respect to this order are nonetheless brought up for review upon the appeal from the dispositional order entered October 11, 2016 (see Matter of Jah'Meir G. [Eshale G.], 112 AD3d at 1015).

Footnote 3: Contrary to respondent's contention, Family Court's reasoning was set forth on the record at the conclusion of the dispositional hearing (see CPLR 4213 [b]).