Matter of Keadden W. (Hope Y.) (2018 NY Slip Op 07207)





Matter of Keadden W. (Hope Y.)


2018 NY Slip Op 07207


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

524098

[*1]In the Matter of KEADDEN W. and Others, Alleged to be Permanently Neglected Children. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent;
and
HOPE Y., Appellant.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


George J. Hoffman Jr., East Greenbush, for appellant.
Daniel C. Lynch, County Attorney, Albany (Jeffrey G. Kennedy of counsel), for respondent.
Sandra M. Allen, Albany, attorney for the children.



MEMORANDUM AND ORDER
Aarons, J.
Appeals from two orders of the Family Court of Albany County (Walsh, J.), entered August 11, 2015 and May 24, 2016, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.
Respondent is the mother of three children (born in 2006, 2007 and 2009)[FN1]. In 2009, the children were adjudicated to be neglected and an order of supervision was entered against respondent. After respondent violated the terms of the order of supervision, the children, in November 2011, were placed in petitioner's custody and care. In February 2014, petitioner commenced this proceeding seeking to terminate respondent's parental rights. Following a fact-finding hearing, Family Court, in an August 2015 order, found that respondent permanently neglected the children. After a dispositional hearing and an in camera hearing with the children, Family Court, in a May 2016 order, terminated respondent's parental rights. Respondent now appeals from both orders.
As an initial matter, respondent's appeal from the August 2015 fact-finding order must be dismissed because no appeal lies from a nondispositional order entered in a permanent neglect proceeding (see Matter of Zyrrius Q. [Nicole S.], 161 AD3d 1233, 1233 n 2 [2018], lv denied 32 NY3d 903 [2018]; Matter of Alyssa L. [Deborah K.], 93 AD3d 1083, 1084-1085 [2012]). Notwithstanding the foregoing, respondent's appeal from the May 2016 dispositional order brings up for review the August 2015 order (see Matter of Duane FF. [Harley GG.], 154 AD3d 1086, 1087 n 3 [2017], lv denied 30 NY3d 908 [2018]; Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1002 n [2015], lv denied 25 NY3d 904 [2015]).
To establish permanent neglect, petitioner first had to prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen respondent's relationship with the children (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]; Matter of Walter DD. [Walter TT.], 152 AD3d 896, 897 [2017], lv denied 30 NY3d 905 [2017]; Matter of Alexander Z. [Jimmy Z.], 149 AD3d 1177, 1178 [2017]). We conclude that petitioner satisfied this burden. The barriers to reunification as testified to by a caseworker employed by petitioner were respondent's mental health issues, lack of sanitary and stable housing and poor parenting skills, including exposing the children to inappropriate individuals. To allow respondent to address these barriers, petitioner created a service plan that included, among other things, parenting, anger management and mental health classes, individual and family counseling, and a condition that respondent refrain from associating with or exposing the children to inappropriate persons — meaning, individuals with untreated mental health, criminal, domestic violence and child protective histories and issues. The record evidence also discloses that petitioner helped respondent find suitable housing and facilitated transportation for respondent so that she could go to the various classes, visits with the children and the children's medical appointments. Furthermore, caseworkers had meetings with respondent to discuss respondent's progress in attaining the goal of reunification with the children. Accordingly, Family Court's finding that petitioner made diligent efforts to encourage and strengthen respondent's relationship with the children has support in the record (see Matter of Timothy GG. [Meriah GG.], 163 AD3d 1065, 1071 [2018]; Matter of Arianna BB. [Tracy DD.], 110 AD3d 1194, 1196 [2013], lvs denied 22 NY3d 858 [2014]; Matter of Sharon V. v Melanie T., 85 AD3d 1353, 1354-1355 [2011]), and we find no merit in respondent's contention that the services offered were not tailored to her specific needs (see Matter of Everett H. [Nicole H.], 129 AD3d 1123, 1125-1126 [2015]).
Petitioner also established through clear and convincing evidence that respondent failed to develop a realistic plan for the children's future (see Matter of Zyrrius Q. [Nicole S.], 161 AD3d at 1234; Matter of Cordell M. [Cheryl O.], 150 AD3d 1424, 1425 [2017]), and the record, as a whole, demonstrates that she did not meaningfully benefit from the offered services (see Matter of Alister UU. [Angela VV.], 117 AD3d 1137, 1138-1139 [2014]; Matter of James U. [James OO.], 79 AD3d 1191, 1193 [2010]). Although respondent initially made improvements and attended therapy sessions, she significantly regressed to the point that a previously scheduled trial discharge was terminated. A caseworker testified at the fact-finding hearing that respondent failed to find independent housing. During one home visit, respondent's home was noted to be in a poor condition and a bag with drug residue was discovered therein. Another caseworker testified that the back bedroom of respondent's home smelled like marihuana. Even though respondent was aware of the condition prohibiting unrelated individuals being around in her home during unsupervised visitations with the children, she did not comply with this condition. Respondent was also involved in an altercation with an individual that resulted in her getting stabbed with a knife. The subject children were not with respondent during this incident, but the stabbing nonetheless occurred in the presence of other young children. A caseworker also testified that respondent had difficulty controlling the children's behavior during visits and that she would yell in their face and curse at them. A family support worker stated that respondent was not receptive when offered parenting suggestions and that respondent would curse at service providers. The family support worker also testified to an incident where the children were not playing safely with playground equipment and she had to point to respondent to watch them because respondent was on her phone texting. As such, Family Court's determination that respondent did not have a realistic plan for the return of the children was supported by a sound and substantial basis in the record (see Matter of Arianna BB. [Tracy DD.], 110 AD3d at 1196-[*2]1197; Matter of Juliette JJ. [Parris JJ.], 81 AD3d 1112, 1114 [2011]; Matter of Douglas H. [Catherine H.], 1 AD3d 824, 825 [2003], lv denied 2 NY3d 701 [2004]).
"Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the children and there is no presumption that any particular disposition, including the return of the children to the parent, promotes such interests" (Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1005 [2017] [internal quotation marks, brackets and citation omitted]; see Family Ct Act § 631; Matter of Kapreece SS. [Latasha SS.], 128 AD3d 1114, 1116 [2015], lv denied 26 NY3d 903 [2015]; Matter of Angelina BB. [Miguel BB.], 90 AD3d 1196, 1198 [2011]). To that end, we are not persuaded by respondent's assertion that Family Court erred in terminating her parental rights, as opposed to granting a suspended judgment. A caseworker testified at the dispositional hearing that, during respondent's supervised visits with the children, there was no improvement in respondent's parenting skills. The evidence from the dispositional hearing also revealed that respondent had failed to secure stable housing and was homeless for a period of time. Respondent was referred for a substance abuse evaluation but she waited over one year before undergoing such evaluation. She also had sporadic attendance at her mental health classes. Additionally, the foster parents, who have expressed an interest in adopting the children, have taken care of the them since 2011 and have been attentive to their educational and medical needs. The children have bonded with their foster parents and have thrived under their care. Considering the record in its entirety, and according deference to Family Court's factual findings and choice among dispositional alternatives, we discern no basis to disturb the conclusion that termination of respondent's parental rights served the best interests of the children (see Matter of Paige J. [Jeffrey K.], 155 AD3d 1470, 1474 [2017]; Matter of Illion RR. [Rachael SS.], 154 AD3d 1126, 1129 [2017], lv denied 30 NY3d 908 [2018]; Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1163 [2014], lv denied 24 NY3d 918 [2015]; Matter of Cory N. [Jessica O.], 111 AD3d 1079, 1082-1083 [2013]). Respondent's remaining contentions have been considered and lack merit.
Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
ORDERED that the appeal from the order entered August 11, 2015 is dismissed, without costs.
ORDERED that the order entered May 24, 2016 is affirmed, without costs.



Footnotes

Footnote 1: The parental rights of the father of the two youngest children were terminated in April 2014 upon a finding of abandonment. The father of the oldest child judicially surrendered his parental rights in July 2014.