Matter of Asiah S. (Nancy S.) (2024 NY Slip Op 03113)

Matter of Asiah S. (Nancy S.)

2024 NY Slip Op 03113

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

CV-23-0442
[*1]In the Matter of Asiah S., Alleged to be a Permanently Neglected Child. Delaware County Department of Social Services, Respondent; Nancy S., Appellant.

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
Amy B. Merklen, County Attorney, Delhi, for respondent.
Tracy A. Donovan Laughlin, Oneonta, attorney for the child.

Clark, J.P.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered January 30, 2023, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.
In March 2021, the subject child (born in 2007) was removed from the care and custody of respondent (hereinafter the mother) and placed in petitioner's care. While in the mother's care, the child had online sexual interactions with an adult, engaged in self-harm, kept a knife under her pillow and brought a knife to school (212 AD3d 1062 [3d Dept 2023], lv denied 39 NY3d 913 [2023]). Despite such alarming conduct, the mother rejected offers for alternative housing and saw no benefit to enrolling the child in mental health treatment (id.). In September 2021, Family Court (Northrup Jr., J.) adjudicated the child to be neglected. On appeal, we upheld such determination, noting that the mother had chosen to remain at a residence where she and the child were subjected to verbal abuse and where the child was exposed to two sex offenders, at least one of whom had previously sexually abused a child (id.). In May 2022, petitioner filed a petition alleging that the child was a permanently neglected child as a result of the child continuing in care and the mother's failure to plan for the child's future and seeking to terminate her parental rights. Following a joint fact-finding and dispositional hearing, Family Court (Rosa, J.) adjudicated the child to be permanently neglected, terminated the mother's parental rights and freed the child for adoption. The mother appeals.
"As relevant here, a permanently neglected child is one who is in the care of an authorized agency and whose parent has failed, for at least one year after the child came into the agency's care, to substantially and continuously or repeatedly 'plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship' " (Matter of Jason O. [Stephanie O.], 188 AD3d 1463, 1464 [3d Dept 2020], lv denied 36 NY3d 908 [2021], quoting Social Services Law § 384-b [7] [a]). To make the threshold showing of diligent efforts, the petitioning agency must establish, by clear and convincing evidence, that it "made practical and reasonable efforts to ameliorate the problems preventing reunification and strengthen the family relationship by such means as assisting the parent with visitation, providing information on the child's progress and development, and offering counseling and other appropriate educational and therapeutic programs and services" (Matter of Harmony F. [William F.], 212 AD3d 1028, 1029 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Kaylee JJ. [Jennifer KK.], 159 AD3d 1077, 1078 [3d Dept 2018]). Following the child's removal, petitioner offered the [*2]mother housing applications and listings to help her obtain appropriate housing, provided her budgeting assistance and referred her to an employment agency to assist her with preparing a resume and obtaining employment. Petitioner also provided the mother with updates on the child's mental health treatment and her academic progress, facilitated regular visitation between the mother and the child and provided the mother with parenting education as well as referrals for mental health treatment. On appeal, the mother argues that the services petitioner offered her were insufficient, but, throughout the hearing, she testified that petitioner offered her various services and, importantly, that she chose not to avail herself of those opportunities. Accordingly, Family Court correctly determined that petitioner met its burden of establishing, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the mother's relationship with the child (see Matter of Nevaeh N. [Heidi O.], 220 AD3d 1070, 1071 [3d Dept 2023], lv denied 41 NY3d 903 [2024]; Matter of Cordell M. [Cheryl O.], 150 AD3d 1424, 1425 [3d Dept 2017]; Matter of Landon U. [Amanda U.], 132 AD3d 1081, 1084 [3d Dept 2015]).
Next, we address the mother's contention that she did substantially plan for the child's future. Petitioner has the burden of establishing, by clear and convincing evidence, that a parent has failed to make a realistic and feasible plan and "take[n] meaningful steps to correct the conditions that led to the child's removal" (Matter of Jason O. [Stephanie O.], 188 AD3d at 1466; see Social Services Law § 384-b [7] [c]; Matter of Paige J. [Jeffrey K.], 155 AD3d 1470, 1474 [3d Dept 2017]). Prior to the child's removal by petitioner, the mother, her paramour and the child moved in with the paramour's relatives; according to the mother, she was initially unaware that one of those relatives had previously sexually abused a child. However, after learning of the relative's history, the mother remained there and failed to recognize the danger that the relative posed to the subject child. The mother only began to seek alternative housing six months after the child's removal — once the paramour left her — and finally obtained her own apartment a year after said removal. Notably, the mother admitted that the relative was verbally abusive to her and the child, and that the child had observed the relative hitting the mother, yet she continued to deny that the relative's residence had been unsafe for the child. Throughout her testimony, the mother discounted the child's fear of residing with the relative and instead excused and minimized the impact of his conduct (see e.g. Matter of Paige J. [Jeffrey K.], 155 AD3d at 1474). The mother testified that she was actively engaged in mental health treatment and that her therapist tried to help her work through her attachment issues, yet, during visits with the child, the mother shared various plans to relocate herself [*3]and the child to reside with out-of-state men that she had recently met online but never met in person. During the mother's supervised visits with the child, the mother disregarded the parent educator's attempts to redirect her away from inappropriate topics of conversation. Among other things, the mother forced discussions about the child's past trauma, mocked the child's wish to learn her father's identity and said that her life was meaningless without the child. The mother demonstrated an inability to control her own impulses, and she was unable to accept responsibility for her role in the child remaining in care, instead blaming petitioner and the child — a belief she shared with the child. Based on the foregoing, petitioner established, through clear and convincing evidence, that the mother failed to substantially plan for the child's future in the year preceding the petition, and Family Court properly adjudicated the child to be permanently neglected (see Matter of Jason O. [Stephanie O.], 188 AD3d at 1466-1467; Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1004-1005 [3d Dept 2017]; Matter of Landon U. [Amanda U.], 132 AD3d at 1085).[FN1]
As to disposition, the mother contends that Family Court should have granted a suspended judgment instead of terminating her parental rights. Upon a finding that a child has been permanently neglected, Family Court's "sole concern at a dispositional hearing is the best interests of the child and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests" (Matter of Angelica VV., 53 AD3d 732, 733 [3d Dept 2008]; accord Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243, 1248 [3d Dept 2014], lv denied 24 NY3d 907 [2014]; see Family Ct Act § 631). A suspended judgment is only appropriate where a parent has made significant progress such that a brief grace period would allow him or her to demonstrate the ability to be a fit parent, and such delay is consistent with the child's best interests (see Matter of Issac Q. [Kimberly R.], 212 AD3d 1049, 1054 [3d Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Isabella H. [Richard I.], 174 AD3d 977, 981-982 [3d Dept 2019]). Since entering petitioner's care, the child had become a better communicator, allowing her to advocate for herself when she felt uncomfortable rather than engaging in inappropriate and aggressive behaviors. According to the parent educator, the child, who was 15 years old as of the hearing, had expressed that she did not want to have visits with the mother but did so because she feared that the mother would harm herself if the child stopped visiting. The child also communicated feeling unsafe with the mother, and did not believe that the mother would ever be able to provide her with a safe and stable home. Given the mother's failure to make any significant progress toward reunification, a suspended judgment would not be in the child's best interests, and Family Court's determination [*4]to terminate her parental rights is supported by a sound and substantial basis in the record (see Matter of Nevaeh N. [Heidi O.], 220 AD3d at 1072-1073; Matter of Jessica U. [Stephanie U.], 152 AD3d at 1006; Matter of Angelica VV., 53 AD3d at 733).
To the extent not expressly addressed herein, the mother's remaining arguments on appeal have been considered and found to be lacking in merit.
Aarons, Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: As the attorney for the child highlights while arguing in favor of affirmance, the mother's own admissions, made throughout her testimony, support the finding that she failed to plan for the child's future.