Matter of Daimeon MM. (Laurie MM.) (2024 NY Slip Op 04429)

Matter of Daimeon MM. (Laurie MM.)

2024 NY Slip Op 04429

Decided on September 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 12, 2024

CV-23-1827
[*1]In the Matter of Daimeon MM. and Others, Alleged to be Permanently Neglected Children. Delaware County Department of Social Services, Respondent; Laurie MM., Appellant.

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
Delaware County Department of Social Services, Delhi (Amy B. Merklen of counsel), for respondent.
Ivy M. Schildkraut, Rock Hill, attorney for the children.

Clark, J.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered August 18, 2023, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.
Respondent (hereinafter the mother) is the mother of the three subject children (born in 2015, 2017 and 2020) who were removed from the mother's care and placed in foster care in June 2021. Thereafter, the mother consented to a finding of neglect, and the children's placement was continued. In September 2022, petitioner commenced the instant petition alleging that the mother had permanently neglected the children and seeking to terminate her parental rights. Following a fact-finding hearing and a dispositional hearing, Family Court adjudicated the children to be permanently neglected and terminated the mother's parental rights. The mother appeals.
"As relevant here, a permanently neglected child is one who is in the care of an authorized agency and whose parent has failed, for at least one year after the child came into the agency's care, to substantially and continuously or repeatedly 'plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship' " (Matter of Jason O. [Stephanie O.], 188 AD3d 1463, 1464 [3d Dept 2020], lv denied 36 NY3d 908 [2021], quoting Social Services Law § 384-b [7] [a]). "To make the threshold showing of diligent efforts, the petitioning agency must establish, by clear and convincing evidence, that it made practical and reasonable efforts to ameliorate the problems preventing reunification and strengthen the family relationship by such means as assisting the parent with visitation, providing information on the child[ren]'s progress and development, and offering counseling and other appropriate educational and therapeutic programs and services" (Matter of Asiah S. [Nancy S.], 228 AD3d 1034, 1035 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Drey L. [Katrina M.], 227 AD3d 1134, 1135-1136 [3d Dept 2024]). "In assessing whether petitioner has demonstrated permanent neglect, we accord great weight to the factual findings and credibility determinations of Family Court, and its findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Ryan J. [Taylor J.], 222 AD3d 1207, 1209 [3d Dept 2023] [citations omitted], lv denied 41 NY3d 909 [2024]; accord Matter of Nikole V. [Norman V.], 224 AD3d 1102, 1103 [3d Dept 2024], lv denied 41 NY3d 909 [2024]).
On appeal, the mother argues that Family Court's determination that petitioner engaged in diligent efforts lacks a sound and substantial basis in the record.[FN1] Upon the children's removal, petitioner's caseworkers recommended that the mother undergo a substance abuse evaluation and a mental [*2]health evaluation and that she follow any resulting treatment recommendations, and they scheduled appointments for the mother to obtain said evaluations. Petitioner also facilitated regular supervised visitation with the children and offered the mother parenting education, caseworker counseling and transportation services. Although the mother asserts that these services were not tailored to her particular circumstances, we disagree, as she admitted to a history of substance abuse and that she suffered from certain mental health issues that were untreated during the relevant time period. Accordingly, Family Court properly found that petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the mother's relationship with the subject children (see Matter of Nikole V. [Norman V.], 224 AD3d at 1104; Matter of Nevaeh N. [Heidi O.], 220 AD3d 1070, 1071 [3d Dept 2023], lv denied 41 NY3d 903 [2024]; Matter of Paige J. [Jeffrey K.], 155 AD3d 1470, 1472-1473 [3d Dept 2017]; compare Matter of Willow K. [Victoria L.], 218 AD3d 851, 853-854 [3d Dept 2023]).
Next, the mother argues that she substantially planned for the children's future. "Petitioner has the burden of establishing, by clear and convincing evidence, that a parent has failed to make a realistic and feasible plan and taken meaningful steps to correct the conditions that led to the child[ren]'s removal" (Matter of Asiah S. [Nancy S.], 228 AD3d at 1036 [internal quotation marks, brackets and citations omitted]; see Matter of Harmony F. [William F.], 212 AD3d 1028, 1031 [3d Dept 2023]). "In determining whether a parent has adequately planned in such a manner, Family Court 'may consider the failure of the parent to utilize medical, psychiatric, psychological and other social and rehabilitative services and material resources made available to such parent' " (Matter of Logan C. [John C.], 169 AD3d 1240, 1243 [3d Dept 2019], quoting Social Services Law § 384-b [7] [c]). Family Court found that the mother lacked credibility, and our review of the record supports such finding. For example, the mother denied that she hid a pregnancy from petitioner during the pendency of the original neglect proceedings, but her assertions were contradicted by her fiancÉ's testimony and her own medical records. In addition, the mother was unable to accept responsibility for her role in the children's removal and placement, and she failed to engage in the offered services. She testified that she prohibited caseworkers from conducting unannounced visits at her apartment as it triggered posttraumatic stress disorder symptoms, but she denied needing any mental health treatment. The mother also failed to recognize that she may need substance abuse treatment, asserting that she had been sober since 2012, but she also admitted that she used marihuana regularly throughout her most recent pregnancy. Although the mother attended many visits with the children, she was often on [*3]her cell phone and did not respond to suggestions about how to redirect the children's behavior when they would behave aggressively toward each other. She also did not consistently meet with her caseworker or with her parenting educator. Based on the foregoing, petitioner established, by clear and convincing evidence, that the mother failed to substantially plan for the children's future for at least one year, and, thus, Family Court properly adjudicated the subject children to be permanently neglected (see Matter of Dustin D. [Paul D.], 222 AD3d 1250, 1253 [3d Dept 2023], lv denied 41 NY3d 904 [2024]; Matter of Ryan J. [Taylor J.], 222 AD3d at 1210-1212; Matter of Makayla I. [Sheena K.], 201 AD3d 1145, 1148-1149 [3d Dept 2022], lvs denied 38 NY3d 903 [2022], 38 NY3d 903 [2022]).
Lastly, to the extent that the mother argues that Family Court should have granted her a suspended judgment, such outcome is only appropriate where a parent has clearly demonstrated that a brief grace period would allow him or her to demonstrate the ability to be a fit parent and such brief delay is consistent with the best interests of the children (see Matter of Drey L. [Katrina M.], 227 AD3d at 1137-1138; Matter of Corey MM. [Cassandra LL.], 177 AD3d 1119, 1122 [3d Dept 2019]). Indeed, "[f]ollowing an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the children and there is no presumption that any particular disposition, including the return of the children to the parent, promotes such interests" (Matter of Makayla I. [Sheena K.], 201 AD3d at 1151-1152 [internal quotation marks and citations omitted]; see Matter of Asiah S. [Nancy S.], 228 AD3d at 1037). At the dispositional hearing, the mother testified that she completed a parenting class in Pennsylvania, but neither the certificate of completion nor the mother's testimony provided any information as to any skill that the mother had learned. Additionally, the mother's testimony that she engaged in counseling through a mobile mental health crisis unit fell short of the requirement to complete an evaluation, especially as she showed no interest in such treatment. Although the mother expressed love for the children, she had not made any significant progress toward reunification. The children, meanwhile, were well-adjusted in their respective foster homes. The youngest child had been placed with a paternal aunt, who testified to having a close bond with the child and expressed an interest in adopting that child. The foster parent with whom the older two children were placed testified that the children initially had a lot of aggression but had learned to manage and communicate their emotions, and she expressed an interest in adopting both children.[FN2] Both the aunt and the foster parent testified that the children became dysregulated following visits with the mother, and each described the children's behaviors following a recent visit where the police were called. Under [*4]these circumstances, where a suspended judgment would have unnecessarily delayed the children's permanency, a sound and substantial basis exists to support Family Court's determination to terminate the mother's parental rights (see Matter of Edrick PP. [Alexis QQ.], 221 AD3d 1307, 1309-1310 [3d Dept 2023]; Matter of Corey MM. [Cassandra LL.], 177 AD3d at 1123-1124; Matter of Isabella M. [Kristine N.], 168 AD3d 1234, 1235-1236 [3d Dept 2019]). The mother's remaining contentions, to the extent not expressly addressed herein, have been examined and found to lack merit.
Garry, P.J., Egan Jr., Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner and the attorney for the children assert that the record supports the order on appeal, and both argue in favor of affirmance.

Footnote 2: The father of the subject children judicially surrendered his parental rights in February 2023.